J-S75007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DANNY V. NGUYEN | |
| | No. 2458 EDA 2015 |

Appeal from the Order August 6, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0048127-2012

BEFORE:  BOWES, MOULTON AND MUSMANNO, JJ.

JUDGMENT ORDER BY BOWES, J.:             **FILED SEPTEMBER 15, 2017**

The Commonwealth appeals from the order dismissing the sole count of driving under the influence ("DUI") filed against Danny Nguyen.  Dismissal was premised upon a violation of the compulsory joinder statute.  We held this case pending the disposition of ***Commonwealth v. Perfetto***, 2017 PA Super 281 (Pa.Super. filed August 30, 2017) (*en banc*), which addressed the exact issue presented herein.  Since ***Perfetto*** controls, we reverse.

This appeal involves a recurring fact pattern.  Appellee was charged with a DUI offense and related summary traffic violations, the latter of which were resolved in a minor court that exclusively handles traffic offenses and cannot dispose of misdemeanor or felony charges.  The Commonwealth then initiated further proceedings charging the DUI crime, prompting Appellee to

seek dismissal for violation of the compulsory joinder statute, which states in pertinent part:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
>
>> (i) any offense of which the defendant could have been convicted on the first prosecution;
>>
>> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred **within the same judicial district** as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]
>
> . . . .

18 Pa.C.S. § 110 (emphasis added). A 2002 amendment to the statute inserted the emphasized language in place of the phrase "within the jurisdiction of a single court." Formerly, precedent permitted successive prosecutions in these situations because the court that handled the summary offenses could not dispose of the indicatable offenses. However, Appellee argued that the 2002 amendment changed the analysis, since the focus is now on a geographic area and not whether the first court had subject matter jurisdiction over the second set of charges. *See* 42 Pa.C.S. § 901(a) (City and County of Philadelphia encompass the First judicial district).

In other words, Appellee's position was that, since the Philadelphia County District Attorney's Office could have tried **all** offenses together in a single proceeding, the statutory bar applied.[1] The trial court agreed and dismissed the case. The Commonwealth then appealed.

While the compulsory joinder statute was amended in 2002, this fact pattern apparently did not pose any issues until 2013, when Philadelphia's Municipal Court system was restructured. Prior to reorganization, traffic offenses were exclusively handled by the Traffic Court, a wholly separate entity. After reorganization, cases handled by the Traffic Court are now disposed of by the Traffic Division, which, along with the General Division, is organized under the Municipal Court.

Our opinion in **Perfetto** thoroughly analyzed the 2002 amendments, the prior case law, the 2013 changes to the Philadelphia judicial system, and the Rules of Criminal Procedure. We ultimately concluded that there is a exception to § 110 in judicial districts, such as the First, which have a separate traffic court.

---

[1] Appellee's current position is largely the same as that expressed by our learned colleagues who dissented in **Perfetto**. **See Commonwealth v. Perfetto**, 2017 PA Super 281 (Pa.Super. filed August 30, 2017) (Dubow, J., dissenting, joined by Lazarus, J., and Bender, P.J.E.) (expressing view that, since Municipal Court has concurrent jurisdiction over summary and misdemeanor traffic offenses, the Commonwealth can bring all charges in one proceeding under § 110(1)(i)).

- 3 -

> Therefore, in the context of compulsory joinder, where a defendant is charged with a summary traffic violation and a misdemeanor, the Title 75 summary offense must be disposed of in a proceeding in the Philadelphia Municipal Court Traffic Division, which has jurisdiction exclusive of the Court of Common Pleas, and a separate proceeding must be held for the remaining, higher offenses.

*Id*. at \*18-19. The Commonwealth followed that procedure in this case, and we therefore must reverse the order dismissing Appellee's charges.[2]

Order reversed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2017

_____

[2] We note that the trial court opinion in this matter states that Appellee was convicted in 2012 in Traffic Court; however, both the Commonwealth and Appellee state that he was convicted in the Traffic Division in 2013. Appellee's brief at 8 ("Appellee was found guilty in Philadelphia Municipal Court – Traffic Division"); Commonwealth's brief at 5 ("In September 2013, defendant was convicted of the two summary offenses in the Traffic Division of the Municipal Court.").