J-S23004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN E. LAW | |
| Appellant | No. 1333 EDA 2016 |

Appeal from the Order Entered April 6, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0005716-2011

BEFORE:  OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY OLSON, JJ.:                    **FILED SEPTEMBER 15, 2017**

Appellant, Stephen E. Law, appeals from the order entered on April 6, 2016, which denied Appellant's petition for a writ of *certiorari*.  We affirm.

The trial court ably explained the underlying facts and procedural posture of this case:

> On February 9, 2011, at approximately 11:30 p.m., Officer [Confesor] Nieves and his partner, Officer Palmiero, were patrolling in full uniform and marked vehicles in the 12th District [of Philadelphia].  Officer Nieves observed Appellant driving a Dodge Neon, leaning down in the driver seat and reaching over to the passenger seat of the vehicle while drifting into the adjacent right lane.  [The] officers initiated a traffic stop and Appellant stopped on signal.  The officers observed that Appellant's eyes were watery and bloodshot and that his movements were very quick.
>
> When the officers returned to the patrol car to conduct their investigation, they observed Appellant continue to lean into the passenger seat.  Based upon Appellant's actions and prior record, the officers suspected that he might be armed.

The officers asked Appellant to step out of the car and observed him throw something into the dashboard. Officers patted Appellant down for weapons with negative results, and placed him in the back of the patrol car. Officers then searched a compartment in Appellant's dashboard and recovered a Marlboro cigarette package containing two and a half white pills, half a blue pill[,] and a small plastic bag containing a green leafy substance.

At some time during the investigation but before Appellant was handcuffed, Appellant stated that he smoked marijuana two days earlier and had taken Xanax hours earlier. Appellant was subsequently arrested on the scene.

. . .

[The Commonwealth] charged [Appellant] with [driving under the influence ("DUI"), possession of a controlled substance, and possession of a small amount of marijuana.[1]] Appellant was also charged with a summary traffic offense: careless driving pursuant to [75 Pa.C.S.A. § 6308(a)]. . . .

On April 13, 2011, Appellant [pleaded guilty to the summary traffic offense of careless driving in the Philadelphia Traffic Court]; the other charges were not adjudicated on that date. On October 19, 2015, Appellant moved to dismiss the three remaining misdemeanors . . . , arguing that the Commonwealth was barred from prosecuting him under the compulsory joinder provision of [18 Pa.C.S.A. § 110(1)(ii)] because he had been previously convicted of a traffic violation in the Traffic Division. [The trial court] denied Appellant's motion. . . .

On December 3, 2015, Appellant was found guilty[, in the Municipal Court of Philadelphia,] of DUI, possession of a controlled substance, and possession of a small amount of marijuana and, on February 3, 2016[,] he was sentenced to three days to six months [in jail] and a concurrent period of [12 months of probation]. On April 6, 2016, [the

---

[1] 75 Pa.C.S.A. § 3802 and 35 P.S. § 780-113(a)(16) and (31), respectively.

- 2 -

Philadelphia Court of Common Pleas denied Appellant's petition for writ of *certiorari* and,] on April 26, 2016, Appellant[] filed a timely notice of appeal. . . .

Trial Court Opinion, 7/26/16, at 1-3 (internal citations and some internal capitalization omitted).

Appellant raises one claim on appeal:

Did not the lower court err in denying [Appellant's] motion to dismiss pursuant to [18 Pa.C.S.A. § 110(1)(ii)] where [Appellant] had previously been convicted of an offense which arose from the same criminal episode in the same judicial district as the offense in the instant case?

Appellant's Brief at 3.

In interpreting 18 Pa.C.S.A. § 110, also known as the compulsory joinder statute, "our standard of review is *de novo,* and our scope of review is plenary." ***Commonwealth v. Fithian***, 961 A.2d 66, 71 (Pa. 2008). Penal statutes are to be strictly construed. ***See*** 1 Pa.C.S.A. § 1928(b)(1). Further, we note that the following principles govern our interpretation of a statute:

When construing provisions utilized by the General Assembly in a statute, our primary goal is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions. However, when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Words and phrases shall be construed according to the rules of grammar and according to their common and approved usage. In other words, if a term is clear and unambiguous, we are prohibited from assigning a meaning to that term that differs from its common everyday usage for the purpose of effectuating the legislature's intent. Additionally, we must remain mindful that the General Assembly does

not intend a result that is absurd, impossible of execution or unreasonable.

It is axiomatic that the plain language of a statute is the best indication of the legislative intent that gave rise to the statute.

Words and phrases shall be construed according to the rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

*Commonwealth v. Giordano*, 121 A.3d 998, 1003-1104 (Pa. Super. 2015) (internal citations, quotations and brackets omitted).

"The compulsory joinder statute is a legislative mandate that a subsequent prosecution for a violation of a provision of a statute that is different from a former prosecution, or is based on different facts, will be barred in certain circumstances." *Id.*, *citing* 18 Pa.C.S.A. § 110. As amended in 2002, and relevant here, section 110 states:

**§ 110. When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S.A. § 110.

Thus, section 110(1)(ii) contains four requirements that, if met, preclude a subsequent prosecution for a different offense:

(1) the former prosecution must have resulted in an acquittal or conviction;

(2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

(3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

(4) the current offense occurred within the same judicial district as the former prosecution.

***Fithian***, 961 A.2d at 71-72.

Also relevant to the case at bar is 42 Pa.C.S.A. § 1302. Section 1302 governs the jurisdiction and venue of traffic courts. As this Court has held, "[i]n judicial districts with a designated and open traffic court. . . [Section] 1302. . . effectively carves out an exception to the normal operation of the compulsory joinder rule." ***Commonwealth v. Perfetto***, ___ A.3d ___, 2017 PA Super 281, at *13 (Pa. Super. 2017) (*en banc*). In relevant part, Section 1302 provides:

**§ 1302. Jurisdiction and venue**

**(a) General rule.**--Except as set forth in subsection (a.1) or as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), each traffic court shall have jurisdiction of all prosecutions for summary offenses arising under:

(1) Title 75 (relating to vehicles).

(2) Any ordinance of any political subdivision enacted pursuant to Title 75.

**(a.1) Traffic Court of Philadelphia.**--

(1) Except as otherwise prescribed by any general rule adopted pursuant to section 503, each traffic court under Subchapter B (relating to Traffic Court of Philadelphia) shall, at the direction of the President Judge of the Philadelphia Municipal Court, have jurisdiction of all prosecutions for summary offenses arising under:

(i) Title 75.

(ii) Any ordinance of any political subdivision enacted pursuant to Title 75.

. . .

**(b) Concurrent and exclusive jurisdiction.**--The jurisdiction of a traffic court under this section shall be exclusive of the courts of common pleas and magisterial district judges, except that such jurisdiction shall be concurrent with the magisterial district judges whenever the traffic court is closed.

42 Pa.C.S.A. § 1302 (internal footnote omitted).

Appellant pleaded guilty to his summary traffic violation in 2011, in the Philadelphia Traffic Court; and, in 2011, Philadelphia had a "designated and open traffic court" that had exclusive jurisdiction over Appellant's summary

- 6 -

traffic offense.[2]   *Perfetto*, 2017 PA Super 281, at *13; 42 Pa.C.S.A. § 1302(a.1)(1)(i) and (b).  As this Court recently held in *Perfetto*:

> Section 1302 carves out an exception to compulsory joinder and directs that the summary traffic offense is within the exclusive jurisdiction of the traffic court.  A prior disposition of a summary traffic offense in a traffic court does not bar the later prosecution of other criminal charges that arose in the same judicial district and at the same time as the summary traffic offense.

*Perfetto*, 2017 PA Super 281, at **20-21.

The case at bar is controlled by *Perfetto*.  Simply stated, since Appellant was charged with and pleaded guilty to the summary traffic offense of careless driving in the Philadelphia Traffic Court – and, since the Philadelphia Traffic Court had exclusive jurisdiction over the summary traffic offense pursuant to 42 Pa.C.S.A. § 1302 – Appellant's guilty plea to the traffic offense did "not bar the later prosecution of [the] other criminal charges that arose in the same judicial district and at the same time as the summary traffic offense."  *Perfetto*, 2017 PA Super 281, at *21.  Appellant's claim on appeal thus fails.

_____

[2] We note that, in 2013, "[t]he Traffic Court of Philadelphia was subsumed by [the] Traffic Division of the Philadelphia Municipal Court[.]"  *Perfetto*, 2017 PA Super 281, at *15n.14.  However, since Appellant pleaded guilty to the summary traffic violation in the Philadelphia Traffic Court in 2011, the 2013 restructuring of the Philadelphia traffic court does not have any bearing on the current appeal.  Regardless, as this Court held in *Perfetto*, the 2013 restructuring did not alter the fact that Philadelphia still possesses "a designated and open traffic court" and that, in accordance with 42 Pa.C.S.A. § 1302, this traffic court still has exclusive jurisdiction over summary traffic offenses.  *See Perfetto*, 2017 PA Super 281, at *13-21.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2017