J-S18037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JALIL COOPER | No. 566 EDA 2016 |

Appeal from the Order Entered January 15, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0014102-2011

BEFORE: PANELLA, SOLANO and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:           **FILED SEPTEMBER 21, 2017**

The Commonwealth appeals from the order entered in the Philadelphia County Court of Common Pleas ("CCP"), which granted Appellee Jalil Cooper's motion to dismiss his misdemeanor charges of recklessly endangering another person ("REAP") and felony charge of fleeing or attempting to elude an officer pursuant to 18 Pa.C.S. § 110. The Commonwealth argues it is not required to bring all summary, misdemeanor, and felony charges in a single court proceeding. Pursuant to this Court's recent decision in **_Commonwealth v. Perfetto_**, ___ A.3d ___, 2017 PA Super 281, 2017 WL _____ (Aug. 30, 2017) (_en banc_), we reverse the CCP's order and remand for further proceedings.

---

[*] Former Justice specially assigned to the Superior Court.

The CCP summarizes the relevant facts and procedural history of this case as follows:

On November 28, 2011, Philadelphia police observed [Appellee] failing to stop and signal before a right turn. [Appellee] also drove his car through red lights, failed to stop at stop signs and acted recklessly toward an unknown male passenger. Police arrested [Appellee] and charged him [via criminal complaint] with a felony count of Fleeing or Attempting to Elude Police and two misdemeanor counts of [REAP]. Police also issued three summary traffic citations: reckless driving, driving with a suspended license, and disregarding a steady red signal.

On December 22, 2011, the Commonwealth filed bills of information charging [Appellee] with a felony count of Fleeing or Attempting to Elude Police and two misdemeanor counts of [REAP] that arose out of the same conduct on November 28, 2011. The Commonwealth never filed a joinder motion to join the three summary offenses pending in Philadelphia Traffic Court with the one felony and two misdemeanor charges pending in the [CCP].

On February 23, 2012, [Appellee] was found guilty in Philadelphia Traffic Court of the summary offense of disregarding a steady red signal and not guilty of driving with a suspended license; the reckless driving charge was dismissed.

Following the February 23, 2012 proceeding in Philadelphia Traffic Court, [Appellee] filed a motion to dismiss the one felony and two misdemeanor charges pursuant to Section 110. The [CCP] granted [Appellee's] motion and dismissed those charges with prejudice.

Trial Ct. Op., 7/20/16, at 1-2. The Commonwealth timely appealed and filed a Pa.R.A.P. 1925(b) concise statement.

On appeal, the Commonwealth raises the following issue: "Did the [CCP] err when, in contravention of Supreme Court precedent, it dismissed

felony and misdemeanor charges pursuant to 18 Pa.C.S. § 110 based on the prior adjudication of summary traffic offenses?" Commonwealth's Brief at 4.

Pennsylvania's compulsory joinder statute states, in relevant part:

> **§ 110. When prosecution barred by former prosecution for different offense**
>
> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
>
>              \*     \*     \*
>
> > (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial **and occurred within the same judicial district as the former prosecution** unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii) (emphasis added).

In **Perfetto**, this Court determined that 42 Pa.C.S. § 1302, which governs the jurisdiction of traffic courts, creates an exception to the compulsory joinder rule. **Perfetto** at \*13. The **Perfetto** Court reasoned that under Section 1302 traffic courts have exclusive jurisdiction over summary traffic violations. **Id.**; **see also** 42 Pa.C.S. § 1302(b) ("[t]he jurisdiction of a traffic court under this section shall be exclusive of the

courts of common pleas . . . .") We concluded, "[W]here a defendant is charged with a summary traffic violation, a misdemeanor, and a felony, in judicial districts with a traffic court, the Title 75 summary offense may be disposed of in a prior proceeding in the traffic court, which has exclusive jurisdiction to hear it, without violating the compulsory joinder rule." *Perfetto* at *14.

Here, an earlier prosecution in the former Philadelphia Traffic Court[1] resulted in a conviction of the summary traffic violation of disregarding a steady red signal, the fleeing/eluding and REAP offenses arose from the same criminal episode as the summary offense, and the prosecutor during the traffic court proceeding would have known of the offenses, as they were charged at the same time as the summary offenses. *See* 18 Pa.C.S. § 110(1)(ii). Furthermore, all of Appellee's offenses occurred within the single judicial district of Philadelphia. *See id.* Nevertheless, Philadelphia has a designated traffic court that had exclusive jurisdiction to hear Appellee's summary traffic violations. *See Perfetto* at *13-14; *see also* 42 Pa.C.S. § 1302(b). Accordingly, *Perfetto* applies in this case and dictates that a subsequent prosecution for fleeing/eluding and REAP in the CCP is permissible under the compulsory joinder rule. *See Perfetto* at *13-14.

_____

[1] At the time of Appellee's offenses, Philadelphia had a separate traffic court that adjudicated his summary traffic violation. However, as of June 19, 2013, Philadelphia restructured the Municipal Court into two sections, the General Division and the Traffic Division, which absorbed the former Traffic Court.

Therefore, we conclude that the CCP erred in granting Appellee's petition to dismiss the fleeing/eluding and REAP charges under Section 110, and we reverse the order and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2017