J-E03007-16

2017 PA Super 281

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARC PERFETTO, | |
| Appellee | No. 2479 EDA 2015 |

Appeal from the Order July 13, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013338-2014

BEFORE: BENDER, P.J.E., BOWES, J., PANELLA, J., LAZARUS, J., OTT, J., STABILE, J., DUBOW, J., MOULTON, J., and RANSOM, J.

OPINION BY RANSOM, J.: **FILED AUGUST 30, 2017**

The Commonwealth of Pennsylvania appeals from the order entered July 13, 2015, granting Appellee Marc Perfetto's motion to dismiss, which asserted a violation of Pennsylvania's compulsory joinder rule. *See* 18 Pa.C.S. § 110. Subject to certain jurisdictional exceptions, which will be explained herein, we hold that the subsequent prosecution of an offense arising out of a criminal episode that had triggered the former prosecution of a different offense is barred where those multiple offenses occur in the same judicial district. However, because of jurisdictional exceptions applicable to Philadelphia, the holding of the trial court is reversed.

We derive the following statement of facts and procedural background of this case from the trial court's opinion, which in turn is supported by the record. *See* Trial Ct. Op., 11/6/2015, at 1-2. In July 2014, Appellee was

arrested in the City and County of Philadelphia[1] and charged with three counts of driving under the influence ("DUI") and the summary offense of driving without lights when required.[2] In September 2014, Appellee was found guilty of the summary traffic violation following a trial *in absentia* in the Philadelphia Municipal Court Traffic Division. Thereafter, the Commonwealth proceeded separately on the DUI charges in the Philadelphia Municipal Court General Division. Following a preliminary hearing, Appellee was held over for court and the matter was listed for trial in the Philadelphia Court of Common Pleas.

In June 2015, Appellee filed a motion to dismiss, asserting that subsection (1)(ii) of 18 Pa.C.S. § 110, known as the compulsory joinder rule, barred his prosecution for DUI. **See** Motion to Dismiss, 6/4/2015, at 1 (asserting that he had already been tried for the offenses charged); **see also** Memorandum in Support, 6/4/2015, at 1-3 (suggesting dismissal was appropriate because the multiple charges filed against him arose from the same criminal episode, occurred within the same judicial district, and the Commonwealth was aware of the charges.).

Following a hearing, the trial court granted Appellee's motion to dismiss. The court noted that (1) an earlier prosecution had resulted in a

---

[1] Philadelphia is the First Judicial District of Pennsylvania. 42 Pa.C.S. § 901(a).

[2] 75 Pa.C.S. §§ 3802(a)(1), (d)(1), (d)(2); and 4302, respectively.

conviction for a summary traffic offense; (2) Appellee's DUI charges arose from the same criminal episode; (3) the Commonwealth was aware of the multiple charges; and (4) all charges occurred in the same judicial district. **See** Trial Ct. Op., 11/6/2015, at 3 (citing in support **Commonwealth v. Reid**, 77 A.3d 579, 582 (Pa. 2013)). The court also referenced the recent restructuring of Philadelphia Municipal Court, in which that court absorbed the former Traffic Court of Philadelphia. **See** Act 17-2013 (S.B. 334), P.L. 55 (2013).[3] According to the court, the merger brought charges within the jurisdiction of the same court, and the court reasoned that the policy aims of 18 Pa.C.S. § 110(1)(ii) dictated that the secondary prosecution be barred. Trial Ct. Op., 11/6/2015 at 4-5. After careful analysis, we disagree.

In August 2015, the Commonwealth filed a notice of appeal and a Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion. A panel of this Court *sua sponte* sought *en banc* certification of this matter to address the effect of amended language of the compulsory joinder rule on our Commonwealth, and certification was granted on August 30, 2016. Both parties submitted additional briefs, and this case was argued before the Court *en banc* on December 13, 2016.

---

[3] Contemporaneous with the legislature's restructure of the courts, a number of statutes defining terms, venue, jurisdiction, and procedure were amended, effective June 19, 2013. **See**, **e.g.**, 42 Pa.C.S. §§ 102, 325, 1121, 1123, 1127, 1302, and 1321.

The issue presented is whether the trial court erred when it dismissed DUI charges pursuant to 18 Pa.C.S. § 110 based on the prior adjudication of Appellee's summary traffic offense. Commonwealth's Brief at 4. Whether the lower court misapplied the 2002 amendment raises a question of law, and thus our standard of review is *de novo*, and our scope of review is plenary. **See Commonwealth v. Fithian**, 961 A.2d 66, 72 (Pa. 2008). A statute's plain language generally offers the best indication of the General Assembly's intent. **Martin v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing**, 905 A.2d 438, 443 (Pa. 2006). "When the words of a statute are clear and unambiguous, there is no need to look beyond the plain meaning of the statute 'under the pretext of pursuing its spirit.'" **Fithian**, 961 A.2d at 74 (citing 1 Pa.C.S. § 1921(b)); **see also Commonwealth v. Veon**, 150 A.3d 435, 445 (Pa. 2016).

"Section 110 is a codification of the rule announced by our Supreme Court in **Commonwealth v. Campana**, 304 A.2d 432 (Pa. 1973), *vacated and remanded*, 94 S.Ct. 73 (1973), *reinstated*, 314 A.2d 854 (Pa. 1974), *cert. denied*, 94 S.Ct. 3172 (1974)." **Commonwealth v. Gimbara**, 835 A.2d 371, 374 (Pa. Super. 2003). In **Campana**, our "Supreme Court held that 'the Double Jeopardy Clause requires a prosecutor to bring, in a single proceeding, all known charges against a defendant arising from a single

criminal episode.'" *Id*. at 374 (quoting *Campana*, 304 A.2d at 441).[4] The compulsory joinder rule serves two distinct policy considerations:

> (1) to protect a person accused of crimes from governmental harassment of being forced to undergo successive trials for offenses stemming from the same criminal episode; and (2) as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation.

*Commonwealth v. Hude*, 458 A.2d 177, 180 (Pa. 1983). It is well-established that the "burden to protect a defendant from vexatious litigation and to conserve judicial resources rests squarely on the shoulders of the Commonwealth, and thus, it is the Commonwealth's burden, rather than the defendant's, to move for consolidated trials." *Commonwealth v. Failor*, 770 A.2d 310, 313-15 (Pa. 2001) (citing *Commonwealth v. Stewart*, 425 A.2d 346, 349-50 (1981)); *Commonwealth v. Muffley*, 425 A.2d 350, 352 (Pa. 1981); *Commonwealth v. Holmes*, 391 A.2d 1015, 1018 (Pa. 1978). The Court may only find waiver of the compulsory joinder rule when a

---

[4] Though similar, the Double Jeopardy Clause and the compulsory joinder rule are not coterminous. *Commonwealth v. Bellezza*, 603 A.2d 1031, 1036 (Pa. Super. 1992) (citing *Commonwealth v. Evers*, 554 A.2d 531, 536 (Pa. Super. 1989) (Brosky, J., dissenting)). "The double jeopardy protections afforded by the United States and Pennsylvania Constitutions are coextensive and prohibit successive prosecutions and multiple punishments for the same offense." *Commonwealth v. Barber*, 940 A.2d 369, 377 (Pa. Super. 2007) (citing *Commonwealth v. States*, 891 A.2d 737 (Pa. Super. 2005)). However, Section 110 offers greater protection than the Double Jeopardy Clause as it is not limited to prosecutions for the same act when certain conditions are met. *Bellezza*, 603 A.2d at 1036 (citing *Evers*, 554 A.2d at 536 (Brosky, J., dissenting)); *Commonwealth v. Johnson*, 466 A.2d 636, 640 (Pa. Super. 1983).

defendant affirmatively acts to separate the prosecutions pending against him. *Failor*, 770 A.2d at 314-15 (citing *Stewart*, 425 A.2d at 349-50); *see also Commonwealth v. Tarver*, 357 A.2d 539 (Pa. 1976).[5]

Prior to the 2002 amendment, Pennsylvania's compulsory joinder statute stated in relevant part:

> ### § 110. When prosecution barred by former prosecution for different offense
>
> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
>> (1) *The former prosecution resulted in an acquittal or in a conviction* as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) *and the subsequent prosecution is for*:
>>
>> * * *
>>
>>> (ii) *any offense based on the same conduct or arising from the same criminal episode*, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and *was within the jurisdiction of a single court* unless the court ordered a separate trial of the charge of such offense …

---

[5] *See Commonwealth v. Simmer*, 814 A.2d 696, 699 (Pa. Super. 2002) (recognizing, "a defendant's voluntary entry into an ARD program, with respect to a charge of DUI, constitutes a waiver of the defendant's right to later assert section 110 as a bar to prosecution of the DUI offense, upon the defendant's removal from the ARD program[ ]"); *see also Gimbara*, 835 A.2d at 376- 77 (Where a summary defendant mails in a guilty plea on one or some charges and a not guilty plea on the other charge or charges, the compulsory joinder statute does not bar the defendant's prosecution for the charges to which he pled not guilty.).

18 Pa.C.S. § 110 (1973) (amended 2002) (emphasis added).

Our Supreme Court outlined a four-prong test utilized to determine when the compulsory joinder rule applied to subsequent prosecution. If each of the prongs in the following test was met, subsequent prosecution was barred:

> (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) the instant charges and the former charges were within the jurisdiction of a single court.

*Commonwealth v. Bracalielly*, 658 A.2d 755, 760 (Pa. 1995).

The phrase, "within the jurisdiction of a single court" was consistently interpreted by our Supreme Court to mean that Magisterial District Courts and Courts of Common Pleas were not a "single court." *Barber*, 940 A.2d at 378; *see e.g. Commonwealth v. Beatty*, 455 A.2d 1194 (Pa. 1983) (on jurisdictional grounds, reading Section 110 as excluding traffic violations under the Vehicle Code), *Commonwealth v. Breitegan,* 456 A.2d 1340 (Pa. 1983) (determining the compulsory joinder rule did not preclude the prosecution of misdemeanors after a defendant's guilty plea to three summary traffic offenses arising from the same episode), *Commonwealth v. Taylor,* 522 A.2d 37, 39 (Pa. 1987) ("since the harassment charge, as a summary offense, was in the jurisdiction of the district justice, conviction or

a plea of guilty to that charge in a summary proceeding did not bar the subsequent trial of the [misdemeanor] weapons offense.").

The Pennsylvania Supreme Court in **Commonwealth v. Geyer**, 687 A.2d 815, 818 (Pa. 1996) examined its holdings in **Beatty**, **Breitegan**, and **Taylor**, and clarified that summary offenses were also subject to a compulsory joinder analysis provided that there were multiple summary offenses at issue within a single court.[6]  **Geyer**, 687 A.2d at 818, **see also Failor**, 770 A.2d at 313-14 (Appellant's prosecution for driving with a suspended license was barred following his guilty plea in court for a speeding citation when all four prongs of compulsory joinder test met.).

However, on August 27, 2002, the General Assembly amended Section 110(1)(ii) to its current language ("2002 amendment").  Act 82-2002 (S.B. 1109), P.L. 481, § 1 (2002).  Specifically, the legislature substituted the phrase "was within the jurisdiction of a single court" with "*occurred within the same judicial district as the former prosecution*."  18 Pa.C.S. § 110(1)(ii) (emphasis added).  In recognition of the 2002 amendment, the fourth prong of the compulsory joinder test was updated to reflect the amended language, which now reads:

---

[6] The **Geyer** Court specifically overruled this Court's decisions in **Commonwealth v. Hoburn**, 485 A.2d 24 (Pa. Super. 1984), and **Commonwealth v. Fischl**, 525 A.2d 775 (Pa. Super. 1987), both of which erroneously cited **Breitegan**, 456 A.2d at 1341, for the categorical exception  that Section 110 did not apply to prior summary convictions under the Vehicle Code.  **Geyer**, 687 A.2d at 818, n.5.

(1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) *all charges [are] within the same judicial district as the former prosecution*.

*Commonwealth v. Reid*, 77 A.3d at 582 (citing *Commonwealth v. Nolan*, 855 A.2d 834, 839 (Pa. 2004) (superseded by statute on other grounds) (emphasis added)).

In 2008, our Supreme Court examined the legislative intent behind the 2002 amendment:

Based upon the plain words of these statutory provisions, we have no problem in concluding the General Assembly intended that, for purposes of the compulsory joinder statute, the phrase "judicial district" means the geographical area established by the General Assembly in which a court of common pleas is located.

*Fithian*, 961 A.2d at 75; *see also* 42 Pa.C.S. § 901 (defining the judicial districts of this Commonwealth).

Despite the noted shift in the court's inquiry, from "same jurisdiction" to "same judicial district," no case before the Supreme Court of Pennsylvania has addressed how this change in statutory language affected pre-amendment compulsory joinder practices. In our view, the amended language of Section 110 is clear and unambiguous, and it requires a court to consider *not* the jurisdiction of a court, but rather whether multiple offenses occurred within the same judicial district. If so, and provided the prosecutor is aware of the offenses, all charges shall be joined and prosecuted together. Thus, the addition of the "same judicial district" language requires that all

charges occurring within the same judicial district, arising from the same criminal conduct or criminal episode, and known to a prosecutor, shall be joined at the time of commencement of the first prosecution. 18 Pa.C.S. § 110.

The Commonwealth raises arguments challenging the trial court's application of the compulsory joinder rule.

The Commonwealth's first claim asserts that the trial court ignores the longstanding precedent of this Commonwealth. Commonwealth's Substituted Brief at 10-13; Commonwealth's Substituted Reply Brief at 4-5, 10-12. In support of this argument, the Commonwealth cites cases which predate the 2002 amendment. *See Beatty*, 455 A.2d at 1198; *Breitegan,* 456 A.2d at 1341; *Taylor,* 522 A.2d at 39-40; *Commonwealth v. Bergen*, 4 A.2d 164, 168 (Pa. Super. 1939); *Commonwealth v. Caufman*, 662 A.2d 1050, 1051 (Pa. 1995); *Commonwealth v. Masterson*, 418 A.2d 664, 669 (Pa. Super. 1980); *Bellezza*, 603 A.2d at 1036.[7] Insofar as these

---

[7] One case decided after the 2002 amendment that the Commonwealth cites is *Barber*, 940 A.2d at 379. Commonwealth's Substituted Brief at 12. In *Barber*, a PCRA Appellant whose summary, misdemeanor and felony crimes were adjudicated in 2001, was granted a new trial for his misdemeanor and felony convictions and subsequently sought to have the new trial dismissed as a violation of his constitutional guarantees against double jeopardy. *Barber*, 940 A.2d at 379, n.6, n.7. We analyzed Appellant's compulsory joinder claim under the pre-amendment version of Section 110, which was in effect at the time of Appellant's summary convictions, and expressly declined to examine the effect of the 2002 amendment. *Id*. at n.6, n.7 ("The question of whether the amended language would bar Appellant's

cases premise their joinder analysis on the jurisdiction of a single court, they are of limited precedential value, and we reject the Commonwealth's assertion.

Second, citing in support 18 Pa.C.S. § 112, the Commonwealth argues that joinder is not required where the initial prosecution proceeds before a court that lacks jurisdiction over offenses charged in a subsequent prosecution. Commonwealth's Substituted Reply Brief at 7-10. However, the Commonwealth misinterprets Section 112.

Section 112 provides in relevant part:

**§ 112. Former prosecution before court lacking jurisdiction or when fraudulently procured by the defendant**

A prosecution is not a bar within the meaning of section 109 of this title (relating to when prosecution barred by former prosecution for same the offense) through section 111 of this title (relating to when prosecution barred by former prosecution in another jurisdiction) under any of the following circumstances:

(1) The former prosecution was before a court which lacked jurisdiction over the defendant or the offense.

18 Pa.C.S. § 112.

This Court has previously interpreted Section 112. In **Commonwealth v. Schmotzer**, 831 A.2d 689 (Pa. Super. 2003), a defendant's federal case was dismissed for "want of jurisdiction." **Schmotzer**, 831 A.2d at 691. Thereafter, the Commonwealth pursued

_____

subsequent prosecution for the non-summary offenses here is not before this Court; thus, we need not decide this question.").

- 11 -

criminal charges for the same conduct in state court. *Id*. The defendant sought dismissal on double jeopardy grounds. *Id*. at 691-92. However, the trial court denied the motion to dismiss. *Id*. at 692. This Court affirmed, holding that Section 112 applied because the federal court had lacked jurisdiction and that a second prosecution was permitted. *Id*. at 696. Thus, where an initial prosecution proceeds before an improper court – a court without jurisdiction – a subsequent prosecution for the same offense in a proper court is not barred. *Id*.; 18 Pa.C.S. § 112(1). As such, we reject the Commonwealth's argument.

Nevertheless, while jurisdiction is no longer an element of the compulsory joinder test, the jurisdiction of a court remains a consideration implicit to any compulsory joinder analysis, and it is particularly important in those judicial districts that, for various reasons, have distinct minor courts or magisterial district judges vested with exclusive jurisdiction over specific matters.[8]

"The jurisdiction of the courts of common pleas under this section shall be exclusive except with respect to actions and proceedings concurrent jurisdiction of which is by statute or by general rule adopted pursuant to

---

[8] The Court in **Beatty** noted that 42 Pa.C.S.A. § 931(b) (relating to original jurisdiction and venue of Courts of Common Pleas) appears to recognize concurrent jurisdiction in such cases of the Court of Common Pleas and District Justices. **Beatty**, 455 A.2d at 1198, n.3. However, the Court declined to construe the phrase "and was in the jurisdiction of a single court" in such a manner as to ignore the division of labor in our court system. **Id**.

section 503[9] vested in another court of this Commonwealth or in the magisterial district judges." 42 Pa.C.S. § 931(b).

One such example of where the exclusive jurisdiction of the court of common pleas is superseded by the exclusive jurisdiction of a minor court or magistrate district judge is found in 42 Pa.C.S. § 1302, which governs the jurisdiction and venue of traffic courts. In judicial districts with a designated and open traffic court such as Philadelphia,[10] 42 Pa.C.S. § 1302 expressly defines the jurisdiction of a traffic court and effectively carves out an exception to the normal operation of the compulsory joinder rule.

**§ 1302. Jurisdiction and venue**

**(a) General rule.--**Except as set forth in subsection (a.1) or as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), each traffic court shall have jurisdiction of all prosecutions for summary offenses arising under:

(1) Title 75 (relating to vehicles).

(2) Any ordinance of any political subdivision enacted pursuant to Title 75.

**(a.1) Traffic Court of Philadelphia.**—

---

[9] "The Supreme Court may by general rule provide for the assignment and reassignment of classes of matters among the several courts of this Commonwealth and the magisterial district judges as the needs of justice shall require and all laws shall be suspended to the extent that they are inconsistent with such general rules." 42 Pa.C.S. § 503(a).

[10] Pittsburgh and cities of the third class are also authorized to operate a traffic court. *See* 42 Pa.C.S. §§ 1321, 1331, and 1341.

> (1) Except as otherwise prescribed by any general rule adopted pursuant to section 503, each traffic court under Subchapter B[1] (relating to Traffic Court of Philadelphia) shall, at the direction of the President Judge of the Philadelphia Municipal Court, have jurisdiction of all prosecutions for summary offenses arising under:
>
> (i) Title 75.
>
> * * *
>
> **(b) Concurrent and exclusive jurisdiction.--*The jurisdiction of a traffic court under this section shall be exclusive of the courts of common pleas and magisterial district judges***, except that such jurisdiction shall be concurrent with the magisterial district judges whenever the traffic court is closed.

42 Pa.C.S. § 1302(a.1), (b) (emphasis added).[11]  This distinction requires that all summary traffic violations be adjudicated in the traffic court of a judicial district.  Therefore, where a defendant is charged with a summary traffic violation, a misdemeanor, and a felony, in judicial districts with a traffic court, the Title 75 summary offense may be disposed of in a prior proceeding in the traffic court, which has exclusive jurisdiction to hear it, without violating the compulsory joinder rule.[12]

---

[11] The language regarding magisterial district judges is inapplicable in Philadelphia, as no magisterial district judges sit in the First Judicial District.

[12] The exclusive jurisdiction of a traffic court may also be exercised by a community court.  *See* 42 Pa.C.S. 1105(a) ("each community court shall have the jurisdiction which under law was exercised by the municipal court or traffic court or by magisterial district judges, as the case may be, within the judicial district.").

However, the jurisdictional organization of the Philadelphia Courts, consisting of the Court of Common Pleas, Philadelphia Municipal Court, and Traffic Court of Philadelphia is unique in Pennsylvania,[13] and the Commonwealth and the Appellee argue that the compulsory joinder rule warrants opposite outcomes in this judicial district. Accordingly, we next examine how the Philadelphia Municipal Court exercises jurisdiction over Title 75 summary offenses following its 2013 restructure, so that we may thereafter determine how, if at all, the compulsory joinder should be applied.

The jurisdictional guidance found in Section 1302 was instituted in tandem with the General Assembly's 2013 restructuring of the Philadelphia Municipal Court.[14] The new Municipal Court comprises two administrative sections, designated the General Division and the Traffic Division. 42 Pa.C.S. § 1121. These divisions have unique jurisdiction as defined in 42 Pa.C.S. § 1123(a) (relating to jurisdiction and venue). Among the matters listed as within the jurisdiction of the Philadelphia Municipal Court are prosecutions for summary offenses arising under Title 75. 42 Pa.C.S. § 1123(a)(9):

**§ 1123. Jurisdiction and venue**

---

[13] **See** 42 Pa.C.S. 301.

[14] The Traffic Court of Philadelphia was subsumed by Traffic Division of the Philadelphia Municipal Court "following the 2011 federal investigation and subsequent indictment of Philadelphia Traffic Court personnel on allegations of corruption involving 'ticket-fixing.'" **In re Bruno**, 101 A.3d 635, 640, 643 n.3 (Pa. 2014).

**(a) General rule**.--Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), the Philadelphia Municipal Court shall have jurisdiction of the following matters:

(1) Summary offenses, except those arising out of the same episode or transaction involving a delinquent act for which a petition alleging delinquency is filed under Chapter 63 (relating to juvenile matters).

(2) Criminal offenses by any person (other than a juvenile) for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years, including indictable offenses under Title 75 (relating to vehicles).  In cases under this paragraph the defendant shall have no right of trial by jury in the municipal court, but shall have the right of appeal for trial de novo, including the right of trial by jury, to the court of common pleas …

\* \* \*

*(9) Prosecutions for summary offenses arising under:*

   *(i) Title 75 …*

\* \* \*

**(b) Concurrent and exclusive jurisdiction.--**The jurisdiction of the municipal court under this section shall be concurrent with the Court of Common Pleas of Philadelphia County except with respect to matters specified in subsection (a)(2), as to which the jurisdiction of the municipal court shall be exclusive except as otherwise prescribed by any general rule adopted pursuant to section 503.

42 Pa.C.S. § 1123 (emphasis added).  Thus, the Philadelphia Municipal Court has concurrent jurisdiction over Title 75 summary offenses.

However, the Pennsylvania Supreme Court has the power to prescribe general rules governing practice and procedure of all courts including the

power to provide for assignment and reassignment of classes of actions or classes of appeals among the several courts as the needs of justice shall require. Pa. Const. art. V, § 10; *see also* 42 Pa.C.S. § 503(a). Our Supreme Court retains exclusive rule-making authority to establish rules of procedure for state courts. *Commonwealth v. McMullen*, 961 A.2d 842 (Pa. 2008) (citing Pa. Const. art. V, § 10(c);3). Through this authority, the Court is empowered to create procedural law; law that addresses the method by which rights are enforced. *Id*.

Here, the Pennsylvania Supreme Court has reassigned Title 75 summaries as a class to the Philadelphia Municipal Court Traffic Division. This is evidenced by the unchanged definition of a Municipal Court case and a series of amended comments to rules of criminal procedure, specific to Philadelphia. A Municipal Court case is still defined as:

> [A]ny case in which the only offense or offenses charged are misdemeanors under the Crimes Code or other statutory criminal offenses for which no prison term may be imposed or which is punishable by a term of imprisonment of not more than 5 years, *including any offense under the Vehicle Code other than a summary offense*.

Pa.R.Crim.P. 1001(A) (emphasis added). Subsequently, in May 2014, the comment to this Section clarified that summary traffic offenses remain the responsibility of the Philadelphia Municipal Court Traffic Division:

> This rule, which defines "Municipal Court case," is intended to ensure that the Municipal Court will take dispositive action, including trial and verdict when appropriate, in any criminal case that does not involve a felony, *excluding summary cases under the Vehicle Code. The latter are under the*

- 17 -

> ***jurisdiction of the Municipal Court Traffic Division, the successor of the Philadelphia Traffic Court …***

Pa.R.Crim.P. 1001(D), cmt. (emphasis added).

These amended comments facilitate the function of the Municipal Court and are instructive. The comments suggest the appropriate manner in which the labor in Philadelphia Courts shall be divided. Particularly, rules 1002 and 1030 of the Rules of Criminal Procedure for the Municipal Court and the Philadelphia Municipal Court Traffic Division, as amended after June 19, 2013, distinguish between non-traffic summaries and traffic summaries, and their comments reinforce that the Traffic Division has jurisdiction over traffic summary offenses. ***See*** Pa.R.Crim.P. Rule 1002, cmt. ("all summary offenses under the motor vehicle laws … are under the jurisdiction of the Municipal Court Traffic Division"); 1030, cmt. ("the jurisdiction and functions of the Philadelphia Traffic Court were transferred to the Philadelphia Municipal Court Traffic Division").[15]

The aforementioned amendments, collectively, illuminate our Supreme Court's intent following the restructure to divide the Philadelphia Municipal Court's labor to allocate disposition of summary traffic offenses solely to the Philadelphia Municipal Court Traffic Division.

Therefore, in the context of compulsory joinder, where a defendant is charged with a summary traffic violation and a misdemeanor, the Title 75

---

[15] Specifically referencing Act 17-2013 (S.B. 334), P.L. 55 (2013).

summary offense must be disposed of in a proceeding in the Philadelphia Municipal Court Traffic Division, which has jurisdiction exclusive of the Court of Common Pleas, and a separate proceeding must be held for the remaining, higher offenses.

With these principles in mind, we address the facts of the instant Philadelphia case in which Appellee was charged with summary traffic offenses and misdemeanor offenses. What is before this Court is the analysis of compulsory joinder in the First Judicial District, a judicial district which has a traffic court and where the defendant is charged with a summary traffic offense. It is undisputed that the first three prongs of the compulsory joinder test have been satisfied:

> [U]nder this test, the earlier prosecution did in fact result in a conviction for failure to use lights, a summary offense. The later prosecution for DUI arose from the same criminal episode and was charged at the same time as the traffic citation. Because both the summary and non-summary offenses were charged at the same time, the prosecutor in the initial prosecution would have certainly been aware of these charges at the start of the first trial. The only issue argued before this court was whether all charges came within the same judicial district.

Trial Ct. Op., 11/6/2015, at 3. It is also undisputed that Appellee's offenses occurred in the City and County of Philadelphia, which, in its entirety, comprise a single judicial district and features a traffic court. 42 Pa.C.S. § 901. Consequently, Appellee's subsequent prosecution for DUI is not subject to dismissal under compulsory joinder. Further, applying the framework outlined herein, Appellee's summary traffic offense was to be heard solely in

- 19 -

the Philadelphia Municipal Court Traffic Division. 42 Pa.C.S. § 1302(a.1)(1)(i). As such, the trial court erred and improperly barred Appellee's subsequent prosecution. This Court holds that, in the circumstances just described, Section 1302 carves out an exception to compulsory joinder and directs that the summary traffic offense is within the exclusive jurisdiction of the traffic court. A prior disposition of a summary traffic offense in a traffic court does not bar the later prosecution of other criminal charges which arose in the same judicial district and at the same time as the summary traffic offense.

In sum, the amended language "occurred within the same judicial district" found in Section 110 is clear and unambiguous. Rather, a court must consider whether all charges occurred in the same judicial district. Because of the implicit consideration of jurisdiction, where summary traffic offenses are included in multiple crimes charged, in those judicial districts which have a separate traffic court, the summary traffic offenses may reach disposition in a single, prior proceeding without precluding subsequent prosecution of higher offenses. Where there is a separate traffic court, the traffic court is charged with disposing with the summary traffic violation(s) of the crimes charged without violation of the compulsory joinder rules. In those judicial districts which do not have a separate traffic court, the four-prong test compulsory joinder must be applied in order to determine whether the compulsory joinder rules have been violated.

Here, because of the unique jurisdictional organization of the Philadelphia Courts, Appellee's subsequent DUI prosecution is not barred. For these reasons, we reverse the order of the trial court. This matter is remanded for further proceedings in accord with this Opinion. Jurisdiction is relinquished.

Order Reversed.

Judges Bowes, Panella, Ott and Stabile join the opinion.

Judge Moulton files a concurring opinion in which Judge Ott joins.

Judge Dubow files a dissenting opinion in which PJE Bender and Judge Lazarus join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2017