J-S59039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JAMES POWELL | No. 2460 EDA 2015 |

Appeal from the Order July 31, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): MC-51-CR-0048966-2012

BEFORE: BENDER, P.J.E., OLSON, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:      **FILED SEPTEMBER 22, 2017**

The Commonwealth appeals from the order entered in the Philadelphia County Court of Common Pleas ("CCP"), which granted Appellee James Powell's petition to file an interlocutory appeal and dismissed his misdemeanor driving under the influence ("DUI") charge pursuant to 18 Pa.C.S. § 110. The Commonwealth argues it is not required to bring all summary, misdemeanor, and felony charges in a single court proceeding. Pursuant to this Court's recent decision in **_Commonwealth v. Perfetto_**, ___ A.3d ___, 2017 PA Super 281, 2017 WL _____ (Aug. 30, 2017) (_en banc_), we reverse the CCP's order and remand for further proceedings.

The CCP summarizes the relevant facts and procedural history of this case as follows:

_____
[*] Former Justice specially assigned to the Superior Court.

> [O]n December 1, 2012, Appellee . . . was arrested in Philadelphia after officers observed him disregard a red light, and observed that he had bloodshot eyes, a relaxed demeanor, and that there was a moderate odor of marijuana coming from the automobile. [Appellee] was arrested and subsequently charged with the misdemeanor offense of [DUI], and summary offenses for traffic violations, including: Disregarding a Red Light, Driving Without a License, and Driving a Vehicle with Registration Suspended. On February 14, 2013, [Appellee] was found guilty *in* [*absentia* of] all three traffic code violations in the Philadelphia Traffic Court; the DUI charge was not adjudicated on that date. On June 12, 2015, [Appellee] moved to dismiss the DUI charge in Municipal Court . . . arguing that the Commonwealth was barred from prosecuting him under the compulsory joinder provisions of 18 Pa.C.S. § 110[(1)](ii) because he was previously prosecuted for and convicted of traffic violations arising from the same criminal episode. On that date, [the Municipal Court] denied [Appellee's] motion. [Appellee] then petitioned for an interlocutory appeal to the [CCP]. On July 31, 2015, the [CCP] granted [Appellee's] petition and dismissed the charges pursuant to Rule 110.

Trial Ct. Op., 1/28/16, at 1-2 (footnote and record citation omitted). The Commonwealth timely appealed and filed a Pa.R.A.P. 1925(b) concise statement.

On appeal, the Commonwealth raises the following issue: "Did the [CCP] err when, in contravention of Supreme Court precedent, it dismissed misdemeanor charges pursuant to 18 Pa.C.S. § 110 based on the prior adjudication of summary traffic offenses?" Commonwealth's Brief at 4.

Pennsylvania's compulsory joinder statute states, in relevant part:

> **§ 110.    When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1)   The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

*   *   *

(ii)   any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial **and occurred within the same judicial district as the former prosecution** unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii) (emphasis added).

In **Perfetto**, this Court determined that 42 Pa.C.S. § 1302, which governs the jurisdiction of traffic courts, creates an exception to the compulsory joinder rule. **Perfetto** at *13.   The **Perfetto** Court reasoned that under Section 1302 traffic courts have exclusive jurisdiction over summary traffic violations. **Id.**; **see also** 42 Pa.C.S. § 1302(b) ("[t]he jurisdiction of a traffic court under this section shall be exclusive of the courts of common pleas . . . .")   We concluded, "[W]here a defendant is charged with a summary traffic violation, a misdemeanor, and a felony, in judicial districts with a traffic court, the Title 75 summary offense may be disposed of in a prior proceeding in the traffic court, which has exclusive

- 3 -

jurisdiction to hear it, without violating the compulsory joinder rule." **Perfetto** at *14.

Here, an earlier prosecution in the former Philadelphia Traffic Court[1] resulted in a conviction of Appellee's summary traffic violations, the DUI offense arose from the same criminal episode as the summary offenses, and the prosecutor during the traffic court proceeding would have known of the DUI offense, as it was charged at the same time as the summary offenses. **See** 18 Pa.C.S. § 110(1)(ii). Furthermore, all of Appellee's offenses occurred within the single judicial district of Philadelphia. **See id.** Nevertheless, Philadelphia has a designated traffic court that had exclusive jurisdiction to hear Appellee's summary traffic violations. **See Perfetto** at *13-14; **see also** 42 Pa.C.S. § 1302(b). Accordingly, **Perfetto** applies in this case and dictates that a subsequent prosecution for DUI in the Philadelphia Municipal Court General Division is permissible under the compulsory joinder rule. **See Perfetto** at *13-14. Therefore, we conclude that the CCP erred in granting Appellee's petition to dismiss the DUI charge under Section 110, and we reverse the order and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

---

[1] At the time of Appellee's offenses, Philadelphia had a separate traffic court that adjudicated his summary traffic violations. However, as of June 19, 2013, Philadelphia restructured the Municipal Court into two sections, the General Division and the Traffic Division, which absorbed the former Traffic Court.

J-S59039-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2017