J-S34028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MAURICE QUINN | |
| Appellee | No. 1540 EDA 2016 |

Appeal from the Order Dated April 15, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008586-2014

BEFORE: BOWES, J., SOLANO, J., and PLATT, J.[*]

JUDGMENT ORDER BY SOLANO, J.:  **FILED SEPTEMBER 26, 2017**

The Commonwealth appeals from the trial court's order dismissing charges for violations of the Uniform Firearms Act, receiving stolen property, recklessly endangering another person, and fleeing or attempting to allude a police officer[1] faced by Appellee, Maurice Quinn. We reverse.

On June 26, 2014, Appellee was arrested for the above offenses following a traffic stop during which he was also issued traffic citations for the summary offenses of reckless driving and failure to yield at a red traffic-

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellee was charged with violating 18 Pa.C.S. §§ 6105(a)(1), 6106.1(a), 6106(a)(1), 6110.2(a), 6117(a), 6108, 3925(a), and 2705, and 75 Pa.C.S. § 3733(a).

control signal.[2] Appellee was tried *in absentia* on January 11, 2016, and was found guilty of the summary offenses in the Traffic Division of Philadelphia Municipal Court. On March 11, 2016, Appellee filed a pre-trial motion to dismiss the remaining charges, for which Appellee was facing trial in the Philadelphia County Court of Common Pleas. Appellee's motion was based on the compulsory joinder rule, which prevents a defendant from being tried in multiple proceedings for conduct arising from the same criminal episode and which "occurred within the same judicial district as the former prosecution." 18 Pa.C.S. § 110(1)(ii).[3]

On April 15, 2016, following a hearing, the trial court granted Appellee's motion. The Commonwealth timely appealed, raising the following

---

[2] 75 Pa.C.S. §§ 3736(a), 3112(a)(3)(ii).

[3] 18 Pa.C.S. § 110 provides, in relevant part:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for:
>
> . . .
>
> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

question: "Did the court err when . . . it dismissed misdemeanor and felony charges with prejudice pursuant to 18 Pa.C.S. § 110 based on the prior adjudication of summary traffic offenses?" Commonwealth's Brief at 6.

On August 30, 2017, this Court decided **Commonwealth v. Perfetto**, ___ A.3d ___, 2017 PA Super 281 (Pa. Super. Aug. 30, 2017) (*en banc*). In **Perfetto**, as in the instant case, the defendant was arrested in Philadelphia and charged with a summary traffic violation as well as more serious criminal offenses. The defendant was found guilty *in absentia* in the Philadelphia Municipal Court Traffic Division of the summary traffic offense and filed a motion to dismiss the remaining charges based on Section 110. The trial court granted the motion, but this Court reversed. We held that "the jurisdiction of a court remains a consideration implicit to any compulsory joinder analysis," and in Philadelphia, the Traffic Division of the Municipal Court[4] has exclusive jurisdiction over summary traffic violations. We therefore held that "[a] prior disposition of a summary traffic offense in a traffic court does not bar the later prosecution of other criminal charges which arise in the same judicial district and at the same time as the summary traffic offense." **Perfetto**, 2017 PA Super 281 at *20.

Given the foregoing, we reverse and remand.

---

[4] In 2013, the Philadelphia Municipal Court was restructured to include a General Division and a Traffic Division, the latter of which subsumed the former Traffic Court of Philadelphia. **Perfetto**, 2017 PA Super 281 at *15.

Order reversed. Case remanded. Jurisdiction relinquished.

*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/26/2017*