J-S13040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHRISTOPHER KOLASKI | No. 3723 EDA 2015 |

Appeal from the Order November 19, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0008572-2014

BEFORE: BENDER, P.J.E., LAZARUS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED OCTOBER 06, 2017**

The Commonwealth appeals from the order entered in the Philadelphia County Court of Common Pleas ("CCP"), which granted Appellee Christopher Kolaski's motion to dismiss his misdemeanor driving under the influence ("DUI") charges pursuant to 18 Pa.C.S. § 110. The Commonwealth argues it is not required to bring all summary, misdemeanor, and felony charges in a single court proceeding. In light of this Court's recent decision in **_Commonwealth v. Perfetto_**, ____ A.3d ____, 2017 PA Super 281, 2017 WL _____ (Aug. 30, 2017) (_en banc_), we reverse the CCP's order and remand for further proceedings.

---

[*] Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history of this case are as follows. On January 10, 2009, Philadelphia police stopped Appellee's vehicle after noticing reckless and erratic driving. Appellee's eyes were watery and glassy, and he was unable to keep his balance upon exiting the vehicle. The officers issued him a traffic citation for careless driving and arrested him for DUI. On March 16, 2009, the Philadelphia Traffic Court found Appellee guilty *in absentia* of careless driving. Thereafter, on June 9, 2014, the Philadelphia Municipal Court convicted Appellee of two counts of DUI. Following sentencing, Appellee timely appealed to the CCP for a trial *de novo*. Prior to his new trial, however, Appellee filed a motion to dismiss the DUI charges pursuant to Section 110. After a hearing on the motion, the CCP dismissed the DUI charges on November 19, 2015, and held that Appellee's prior traffic court conviction barred the subsequent prosecution of his DUI offenses. The Commonwealth timely appealed and filed a Pa.R.A.P. 1925(b) concise statement.

On appeal, the Commonwealth raises the following issue: "Did the [CCP] err when, in contravention of Supreme Court precedent, it dismissed misdemeanor charges pursuant to 18 Pa.C.S. § 110 based on the prior adjudication of summary traffic offenses?" Commonwealth's Brief at 4.

Pennsylvania's compulsory joinder statute states, in relevant part:

**§ 110.    When prosecution barred by former prosecution for different offense**

- 2 -

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1)   The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
>
> *   *   *
>
> > (ii)   any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial **and occurred within the same judicial district as the former prosecution** unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii) (emphasis added).

In **Perfetto**, this Court determined that 42 Pa.C.S. § 1302, which governs the jurisdiction of traffic courts, creates an exception to the compulsory joinder rule. **Perfetto** at *13. The **Perfetto** Court reasoned that under Section 1302 traffic courts have exclusive jurisdiction over summary traffic violations. **Id.**; **see also** 42 Pa.C.S. § 1302(b) ("[t]he jurisdiction of a traffic court under this section shall be exclusive of the courts of common pleas . . . .") We concluded, "[W]here a defendant is charged with a summary traffic violation, a misdemeanor, and a felony, in judicial districts with a traffic court, the Title 75 summary offense may be disposed of in a prior proceeding in the traffic court, which has exclusive jurisdiction to hear it, without violating the compulsory joinder rule."

*Perfetto* at *14.

Here, an earlier prosecution in the former Philadelphia Traffic Court[1] resulted in a conviction of Appellee's summary traffic violation, the DUI offenses arose from the same criminal episode as the summary offense, and the prosecutor during the traffic court proceeding would have known of the DUI offenses, as they were charged at the same time as the summary offense. *See* 18 Pa.C.S. § 110(1)(ii). Furthermore, all of Appellee's offenses occurred within the single judicial district of Philadelphia. *See id.* Nevertheless, Philadelphia had a designated traffic court that had exclusive jurisdiction to hear Appellee's summary traffic violation. *See Perfetto* at *13-14; *see also* 42 Pa.C.S. § 1302(b). Accordingly, the principles set forth in *Perfetto* apply in this case, and a subsequent prosecution for DUI in the Philadelphia Municipal Court General Division is permissible under the compulsory joinder rule.[2] *See Perfetto* at *13-14. Therefore, we conclude that the CCP erred in granting Appellee's petition to dismiss the DUI charges

---

[1] At the time of Appellee's offenses, Philadelphia had a separate traffic court that adjudicated his summary traffic violation. However, as of June 19, 2013, Philadelphia restructured the Municipal Court into two sections, the General Division and the Traffic Division, which absorbed the former Traffic Court.

[2] We recognize that in *Perfetto* the defendant's violation and conviction for the summary traffic violation occurred after the restructuring of the Philadelphia Municipal Court and, therefore, involved the Municipal Court Traffic Division. Although the instant case involves the former Traffic Court, the *Perfetto* Court's general discussion of the Section 1302 exception remains instructive.

under Section 110, and we reverse the order and remand for further proceedings.

Order reversed.  Case remanded.  Jurisdiction relinquished.

P.J.E. joins the Memorandum.

Judge Lazarus Concurs in the Result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/6/2017