**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VICTORIA EDWARDS, | |
| Appellant | No. 2044 EDA 2016 |

Appeal from the Order June 24, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0010468-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.[*]

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

**FILED OCTOBER 12, 2017**

I agree with the Majority that trial court denied properly the motion to dismiss filed by Appellant; however, I disagree with the Majority that this Court's decision in **Commonwealth v. Perfetto**, 2017 WL 3776631 (Pa. Super. 2017) (*en banc*) controls the outcome of this case.

Perfetto was arrested for DUI and a summary traffic violation in July 2014, and in September 2014, he was convicted of the summary offense in the Philadelphia Municipal Court Traffic Division.  Prior to trial on the DUI in the Philadelphia Court of Common Pleas, Perfetto filed a motion to dismiss

_____

[*] Retired Senior Judge assigned to the Superior Court.

pursuant to the compulsory joinder rule, 42 Pa.C.S. § 110. The trial court granted that motion, and the Commonwealth filed an appeal to this Court.

In **Perfetto**, this Court held that "in the context of compulsory joinder, where a defendant is charged with a summary traffic violation and a misdemeanor, the Title 75 summary offense must be disposed of in a proceeding in the Philadelphia Municipal Court Traffic Division, which has jurisdiction exclusive of the Court of Common Pleas, and a separate proceeding must be held for the remaining, higher offenses." **Id**. at 8. Thus, it reversed the order of the trial court. In reaching this holding, this Court relied specifically on jurisdictional guidance from 42 Pa.C.S. § 1302, which "was instituted in tandem with the General Assembly's 2013 restructuring of the Philadelphia Municipal Court." **Id**. at 6.

Instantly, Appellant was arrested and charged with DUI and two summary traffic violations in March 2013. She was tried and convicted of the summary traffic violations in May 2013, prior to the restructuring of the Philadelphia Municipal Court. Accordingly, because section 1302 was not yet in effect, it is improper for this Court to rely on that jurisdictional guidance.

Nevertheless, this Court can rely on the provisions of section 112,[1] which were in effect at the time Appellant was convicted. That section

---

[1] This argument is set forth in the alternative by the Commonwealth, **see** Commonwealth's Brief at 11-16, and also in the concurring opinion in **Perfetto** authored by Judge Moulton and joined by Judge Ott, **see Perfetto**, at *9.

provides that prosecution for a second offense is not prohibited where "[t]he former prosecution was before a court which lacked jurisdiction over the defendant or the offense." 18 Pa.C.S. § 112(1).  There is no dispute that the Traffic Court of Philadelphia did not have jurisdiction over Appellant's DUI offense.  Accordingly, there was no bar to her later prosecution for DUI in this case.

P.J. Gantman joins.