J-S75024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WARREN NICHOLS, | : | |
| | : | |
| Appellant | : | No. 1703 EDA 2018 |

Appeal from the PCRA Order May 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008876-2012

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                 **FILED JANUARY 15, 2019**

Appellant Warren Nichols appeals from the order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, without a hearing.  Appellant asserts that the PCRA court erred in failing to hold a hearing on his ineffective assistance of counsel (IAC) claim alleging that pre-trial counsel[1] was ineffective for failing to file a motion to dismiss based upon the compulsory joinder rule in 18 Pa.C.S. § 110.  We affirm.

The relevant factual background of this matter is as follows.  On July 11, 2012, at approximately 12:00 a.m., Philadelphia Police Officer Eyleen Archie stopped Appellant's vehicle near the intersection of Diamond and Broad Streets because Appellant was driving without his headlights.  N.T. Trial, 4/9/14, at 12.  As Officer Archie approached Appellant's vehicle after stopping

_____

[1] Appellant had separate counsel for each of the pre-trial, trial, sentencing, post-verdict/direct appeal, and PCRA phases of this matter.

Appellant, she observed Appellant reaching under his seat. *Id.* Officer Archie instructed Appellant to stop moving, which he ignored. *Id.* at 13. Officer Archie opened Appellant's car door and instructed him to step out of the vehicle. *Id.* After Appellant exited the vehicle, Officer Archie conducted a protective sweep. *Id.* at 14. Officer Archie saw the butt of a black handgun sticking out from underneath Appellant's seat. *Id.* Officer Archie recovered the gun and a baggie of crack cocaine and five live rounds of ammunition that were in plain view in the vehicle's console. *Id.* at 14, 16.

Appellant was charged with failure to use lights and driving an unregistered vehicle.[2] Appellant was acquitted of these charges in Philadelphia Traffic Court[3] on September 12, 2012. Appellant also was

---

[2] 75 Pa.C.S. §§ 4302 and 1301, respectively.

[3] Philadelphia Municipal Court underwent a restructuring in which it absorbed the previously independent Traffic Court on June 19, 2013. Our Supreme Court reassigned summary traffic violations to the Philadelphia Municipal Court Traffic Division:

> Particularly, rules 1002 and 1030 of the Rules of Criminal Procedure for the Municipal Court and the Philadelphia Municipal Court Traffic Division, as amended after June 19, 2013, distinguish between non-traffic summaries and traffic summaries, and their comments reinforce that the Traffic Division has jurisdiction over traffic summary offenses. *See* Pa.R.Crim.P. Rule 1002, cmt. ("all summary offenses under the motor vehicle laws . . . are under the jurisdiction of the Municipal Court Traffic Division"); 1030, cmt. ("the jurisdiction and functions of the Philadelphia Traffic Court were transferred to the Philadelphia Municipal Court Traffic Division").

charged separately with possession of a controlled substance, firearms not to be carried without a license, carrying a firearm in public in Philadelphia, and carrying a loaded weapon.[4]  At a non-jury trial on April 9, 2014, Appellant's trial counsel stipulated that the firearm recovered was operable and that defendant did not possess a license to carry a firearm in the Commonwealth of Pennsylvania.  *Id.* at 24.  The trial court convicted Appellant of all charges. *Id.* at 48.  Appellant's sentencing counsel filed a motion for extraordinary relief, which the trial court denied without a hearing.

The trial court sentenced Appellant on September 22, 2015, to an aggregate sentence of thirty to sixty months of incarceration followed by three years of probation.  *See* N.T. Sentencing, 9/22/15, at 18.  Appellant filed a post-sentence motion challenging the weight and sufficiency of his conviction and asserting that his sentence was excessive.  *See* Post-Sentence Mot., 10/1/15, at 3.  Appellant also filed a supplemental post-sentence motion raising the compulsory joinder rule in Section 110.  *See* Suppl. Post-Sentence

---

The aforementioned amendments, collectively, illuminate our Supreme Court's intent following the restructure to divide the Philadelphia Municipal Court's labor to allocate disposition of summary traffic offenses solely to the Philadelphia Municipal Court Traffic Division.

*Commonwealth v. Perfetto*, 169 A.3d 1114, 1124 (Pa. Super. 2017) (*en banc*) (footnote omitted), *appeal granted*, 182 A.3d 435 (Pa. 2018) (table).

[4] 35 P.S. § 780-113(a)(16) and 18 Pa.C.S. §§ 6106(a)(1), 6108, and 6106.1(a), respectively.

- 3 -

Mot., 10/2/15, at 3. The trial court denied the post-sentence motions, and Appellant filed a direct appeal of his judgment of sentence.

On February 7, 2017, this Court disposed of Appellant's direct appeal, holding that Appellant's motion to dismiss under the compulsory joinder rule in 18 Pa.C.S. § 110 had not been timely filed. **See Commonwealth v. Nichols**, 3647 EDA 2015, 2017 WL 499417, at *4 (Pa. Super. filed Feb. 7, 2017) (unpublished mem.). This Court also vacated Appellant's conviction for carrying a loaded weapon other than a firearm on sufficiency-of-the-evidence grounds and affirmed the judgment of sentence in all other respects. **See Nichols**, 2017 WL 499417, at *3, *7.

On March 13, 2017, the PCRA court docketed Appellant's *pro se* PCRA petition. Counsel was appointed, who filed an amended PCRA petition on October 9, 2017, asserting that pre-trial counsel was ineffective for failing to file a timely motion to dismiss under the compulsory joinder rule in 18 Pa.C.S. § 110. **See** Am. PCRA Pet., 10/9/17, at 3. The PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 on April 16, 2018. Subsequently, the PCRA court dismissed Appellant's amended petition on May 24, 2018.

On June 7, 2018, Appellant filed a timely notice of appeal. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant did not file one. The PCRA court complied with Pa.R.A.P. 1925(a) by referencing its order

dismissing the amended PCRA petition, since it contained the PCRA court's reasoning therein. The PCRA court stated that Appellant's

> acquittal in Philadelphia Traffic Court on the summary traffic offense [of driving without headlights] did not bar prosecution for the criminal charges on which he was subsequently convicted, [and] the claim is without merit. *See* [*Perfetto*, 169 A.3d 1114.[5]] Counsel cannot be found ineffective for failing to pursue a meritless claim.

Order *Sur* PCRA Pet., 5/24/18, at n.1.

> Appellant raises the following issues for our review:

> 1. Whether the [PCRA c]ourt erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues

---

[5] The Pennsylvania Supreme Court has granted a petition for allowance of appeal in *Perfetto* to address the following issues:

> 1. Whether [the] Superior Court erred in determining that [the] Philadelphia Municipal Court—Traffic Division has sole jurisdiction over summary traffic offenses even when those charges are part of a single incident which also includes a misdemeanor and/or felony charges[.] Is this decision in conflict with 18 Pa.C.S. § 110, the 2002 amendment thereto removing jurisdiction as an element of the offense, its constitutional underpinnings, and decisions of this Court?

> 2. Where the lower [c]ourt dismissed the prosecution under 18 Pa.C.S. § 110 because all the prongs of the test for dismissal under that statute were met, did the trial [c]ourt properly dismiss the charges?

*Commonwealth v. Perfetto*, 182 A.3d 435, 435-36 (Pa. 2018) (table). We are bound to apply the ruling in *Perfetto* unless and until it is overruled by the Supreme Court of Pennsylvania. *See Commonwealth v. Brigidi*, 6 A.3d 995, 1001 (Pa. 2010).

raised in the amended PCRA petition regarding [pre-t]rial [c]ounsel's ineffectiveness.

2. Whether the [PCRA] court erred in not granting relief on the PCRA petition alleging [pre-t]rial counsel was ineffective.

Appellant's Brief at 8.[6]

In both issues, Appellant asserts that he is entitled to relief because "prior counsel was ineffective for not filing a timely motion to dismiss under compulsory joinder based on 18 Pa.C.S. § 110." *Id.* at 14. Appellant argues that "his acquittal of the summary traffic offenses on September 12, 2012, . . . prior to his non-jury trial on the remaining offenses barred the later prosecution in the Philadelphia Courts." *Id.*

We review an order denying PCRA relief

to determine whether evidence of record supports the findings of the PCRA court and whether its legal conclusions are free of error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

In this case, the PCRA court dismissed Appellant's petition without a hearing. There is no absolute right to an evidentiary hearing. On appeal, we examine the issues raised in light of the record to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.

_____

[6] Appellant filed an application for relief requesting an extension of time to file his appellate brief. The application was granted, extending Appellant's deadline until October 15, 2018, to file his brief. Appellant filed his brief on September 27, 2018. Because thirty days from this date fell on a Saturday, the Commonwealth had until October 29, 2018, to file its brief. *See* Pa.R.A.P. 2185(a)(1); 1 Pa.C.S. § 1908. The Commonwealth did not file its brief until November 26, 2018, at which time the Commonwealth also filed an application for an extension of time *nunc pro tunc*, requesting that this Court accept its late filing. We grant the Commonwealth's *nunc pro tunc* application for extension of time to file its brief.

*Commonwealth v. Burton*, 121 A.3d 1063, 1067 (Pa. Super. 2015) (*en banc*) (internal quotation marks and citations omitted), *aff'd* 158 A.3d 618 (Pa. 2017).

Section 110 specifies that a prosecution is barred by a former prosecution when the former prosecution resulted in an acquittal or conviction and the subsequent prosecution is for:

> any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii).[7]

In **Perfetto**, the defendant was convicted of a summary traffic violation following a trial *in absentia* in the Philadelphia Municipal Court Traffic Division. **Perfetto**, 169 A.3d at 1116. Subsequently, the Commonwealth proceeded separately on driving under the influence (DUI) charges, which were held over for court and listed for trial in the Philadelphia Court of Common Pleas. **Id.**

---

[7] Prior to an amendment in 2002, this subsection of the compulsory joinder statute stated that a subsequent prosecution was barred by a former prosecution that resulted in an acquittal or conviction when the subsequent prosecution was for:

> any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and **was within the jurisdiction of a single court** unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii) (1973) (amended 2002) (emphasis added).

The defendant filed a motion to dismiss the DUI prosecution, asserting that it was barred by Section 110. *Id.* The trial court granted the defendant's motion to dismiss following a hearing. *Id.*

The Commonwealth appealed, and an *en banc* panel of this Court heard argument on the matter. In reversing the trial court's order dismissing the DUI prosecution, this Court noted that

> [o]ur Supreme Court outlined a four-prong test utilized to determine when the compulsory joinder rule applied to subsequent prosecution [based on the pre-2002 amendment to Section 110]. If each of the prongs in the following test was met, subsequent prosecution was barred:
>
> > (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) the instant charges and the former charges were within the jurisdiction of a single court.

*Id.* at 1118-19. This Court noted that

> the amended language of Section 110 is clear and unambiguous, and it requires a court to consider **not** the jurisdiction of a court, but rather whether multiple offenses occurred within the same judicial district. If so, and provided the prosecutor is aware of the offenses, all charges shall be joined and prosecuted together.

*Id.* at 1120 (emphasis in original). Nevertheless, this Court held that

> while jurisdiction is no longer an element of the compulsory joinder test, the jurisdiction of a court remains a consideration implicit to any compulsory joinder analysis, and it is particularly important in those judicial districts that, for various reasons, have distinct minor courts or magisterial district judges vested with exclusive jurisdiction over specific matters.

* * *

> One such example of where the exclusive jurisdiction of the court of common pleas is superseded by the exclusive jurisdiction of a minor court or magistrate district judge is found in 42 Pa.C.S. § 1302, which governs the jurisdiction and venue of traffic courts. In judicial districts with a designated and open traffic court such as Philadelphia, 42 Pa.C.S. § 1302 expressly defines the jurisdiction of a traffic court and effectively carves out an exception to the normal operation of the compulsory joinder rule.

*Id.* at 1121 (footnotes omitted). Accordingly, "because of the unique jurisdictional organization of the Philadelphia Courts, [the defendant's] subsequent DUI prosecution [was] not barred." *Id.* at 1125.

Here, we agree with the PCRA court that it properly dismissed Appellant's amended PCRA petition, since the analysis in *Perfetto* applies in this matter. As set forth in *Perfetto*, the expressly defined jurisdiction of Philadelphia Municipal Court Traffic Division creates an exception to the normal operation of the compulsory joinder rule in Section 110. *See id.* at 1121. The same logic applies to the jurisdiction of the predecessor Philadelphia Traffic Court, in which Appellant was acquitted of the summary traffic offenses in this matter. *See id.* Therefore, the PCRA court's legal conclusion that Section 110 did not bar Appellant's prosecution for possession of a controlled substance and firearms following his acquittal of traffic offenses in Philadelphia was without error. *See id.*; *Burton*, 121 A.3d at 1067.

Because Appellant's ineffectiveness claim fails as a matter of law, Appellant's assertion that there are disputes of material facts requiring an evidentiary hearing is unavailing. *See Burton*, 121 A.3d at 1067.

Accordingly, we affirm the order dismissing Appellant's amended PCRA petition without a hearing. *See id.*

Order affirmed. Commonwealth's application for extension of time to file brief granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/15/19