J. S52005/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                            :          PENNSYLVANIA
                       v.             :
                                             :
RICHARD ISAAC,                 :          No. 811 EDA 2015
                                           :
             Appellant      :

Appeal from the Order, March 12, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0012115-2014

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED OCTOBER 18, 2017**

Richard Isaac appeals the order of the Court of Common Pleas of Philadelphia County that denied his motion to dismiss.  We affirm.

On July 31, 2014, at approximately 3:45 a.m., City of Philadelphia Police Officer Amina Oliver ("Officer Oliver") observed appellant driving a vehicle northbound on the 5700 block of East Wister Street in the City of Philadelphia.  Officer Oliver stopped the vehicle.  Appellant did not have any identification and told Officer Oliver that his name was "Richard Isley." Officer Oliver ran the name "Richard Isley" through a Department of Motor Vehicles check.  The check provided no record or license.  Officer Oliver issued a traffic violation report to appellant for an unlicensed driver, 75 Pa.C.S.A. § 1501(a).  (Notes of testimony, 3/12/15 at 6-8.)  Appellant was arrested and charged with driving under the influence:  controlled

---

* Retired Senior Judge assigned to the Superior Court.

substance or metabolite, 75 Pa.C.S.A. § 3802(d)(1), driving under the influence: controlled substance -- impaired ability, 75 Pa.C.S.A. § 3802(d)(2), and driving while blood alcohol content .02 or greater while license suspended, 75 Pa.C.S.A. § 1543(b1.1). On October 2, 2014, appellant was convicted **in absentia** in Philadelphia Municipal Court -- Traffic Division ("Traffic Division") of driving without a license.

On December 3, 2014, appellant moved to dismiss the charge for driving while his blood alcohol content was .02 or greater while his license was suspended on double jeopardy grounds pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Pennsylvania Constitution. That same date, appellant moved to dismiss the remaining charges on the basis of 18 Pa.C.S.A. § 110(a)(1)(ii) because the Commonwealth failed to prosecute these charges at the same time as the summary traffic violations.

On March 12, 2015, the trial court heard the motions as well as the testimony of Officer Oliver and denied the motions.

Appellant appealed to this court and raises the following issue for this court's review:

> Did not the lower court err in denying appellant's motion to dismiss pursuant to 18 Pa.C.S.[A.] § 110 in that: (i) Mr. Isaac was found guilty in the Philadelphia Municipal Court's Traffic Division on a traffic citation; (ii) the Traffic Division prosecution was based upon the same criminal conduct and/or arose from the same criminal episode as the instant criminal charges; (iii) the Commonwealth was aware

of the instant charges before the commencement of the trial on the former charge; and, (iv) these instant charges occurred within the same judicial district as the former prosecution in the Philadelphia Municipal Court's Traffic Division?

Appellant's brief at 3.

This court is presented with pure questions of law. As a result, this court's standard of review is *de novo*, and its scope of review is plenary. ***Commonwealth v. Barger***, 956 A.2d 458, 461 (Pa.Super. 2008), ***appeal denied***, 980 A.2d 109 (Pa. 2009).

The compulsory joinder statute, contained in the Crimes Code at 18 Pa.C.S.A. § 110, provides in pertinent part:

> **§ 110. When prosecution barred by former prosecution for different offense**
>
> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
>
> > (i) any offense of which the defendant could have been convicted on the first prosecution;
> >
> > (ii) any offense based on the same conduct or arising from the same criminal episode, if

such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; or

(iii)   the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

18 Pa.C.S.A. § 110.

Appellant contends that his situation falls under Section 110(1)(ii) for the following reasons:  First, he was convicted of driving without a license *in absentia* in Traffic Division.  Second, the prosecution in the trial court was based upon the same criminal episode as the prosecution in Traffic Division.  Third, the prosecutor was aware of the charges in the trial court before the commencement of the trial in Traffic Division because the

Philadelphia District Attorney's office handles the prosecutions for both the trial court and Traffic Division. Fourth, appellant alleges that the alleged violations all took place within the same judicial district as the former prosecution in Traffic Division because Traffic Division and the Philadelphia Municipal Court, where the present case began, are the same court.

The compulsory joinder rule bars a subsequent prosecution if each of the following test prongs are met:

> (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) all charges [are] within the same judicial district as the former prosecution.

*Commonwealth v. Reid*, 77 A.3d 579, 582 (Pa. 2013) (citation omitted; bracket in original).

Here, no dispute exists that appellant's prosecution on the summary traffic offense resulted in a conviction, that his DUI charges were based on the same criminal conduct or arose from the same criminal episode, and that the Commonwealth knew of the DUI charges before the summary trial. In light of this court's recent *en banc* decision in *Commonwealth v. Perfetto*, ___ A.3d ___, 2017 WL 3776631 (Pa.Super. 2017) (*en banc*), however, appellant fails to satisfy the fourth *Reid* test prong.

In *Perfetto*, 2017 WL 3776631 at *11, this court held that where, as here, a defendant's summary traffic offense was to be heard solely in the

J. S52005/16

Traffic Division pursuant to its jurisdiction in accordance with Pa.C.S.A. § 1302(a.1)(1)(i), a prior disposition of that summary traffic offense in traffic court does not bar a later prosecution of other criminal charges that arose in the same judicial district and at the same time as the summary traffic offense because Section 1302 carves out an exception to compulsory joinder and directs that the summary traffic offense is within the exclusive jurisdiction of the Traffic Division. Consequently, appellant's subsequent prosecution on the DUI charges was not barred by compulsory joinder.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2017