J. S52001/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ISIAH WILLIAMS, | : | No. 2643 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, July 15, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0003519-2014

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED OCTOBER 19, 2017**

Isiah Williams appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his conviction in a waiver trial of unlawful possession of a firearm, firearm not to be carried without a license, and carrying a firearm on a public street in Philadelphia.[1] The trial court sentenced appellant to 5 to 10 years' incarceration on the unlawful possession of a firearm count and 5 years of consecutive probation for carrying a firearm without a license.  The trial court imposed no further penalty on the remaining count.  We affirm.

The trial court set forth the following:

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1), 18 Pa.C.S.A. § 6106(a)(1), and 18 Pa.C.S.A. § 6108, respectively.

On March 10, 2014, at approximately 8:35 p.m., Officer Antoine Wesley and his partner, Officer Colon, stopped a black Hyundai Sonata driven by [appellant] in the area of 2900 N. 2nd Street. Officer Wesley observed [appellant] driving the vehicle "at a high rate of speed." He and his partner activated their lights and sirens and pulled over [appellant's] vehicle. [Appellant] was the only occupant. Officer Wesley smelled a strong odor of burnt marijuana coming from the vehicle and asked for license and registration. [Appellant] failed to produce a driver's license and could only produce a Budget rental agreement, which alerted Officer Wesley to conduct a live stop of the vehicle. At that time, [appellant] was operating the vehicle with keys in the ignition that could also open the trunk. A subsequent inventory search of the trunk revealed a black and red book bag containing a handgun and a plastic sandwich bag.[Footnote 1] Police found six .32 caliber rounds inside the gun and 22 different caliber rounds inside the plastic bag. [Appellant] did not possess a valid permit to carry such a handgun.[Footnote 2] Officer Wesley then arrested [appellant] for firearm violations.

> [Footnote 1] Both counsels stipulated that analysts at the ballistics lab had tested the hand[gun], finding it to be operable.

> [Footnote 2] Both counsels stipulated that [appellant] was prohibited from possessing a firearm under 18 Pa.C.S.[A.] § 6105.

Brittney Boyd and Akeem Williams testified as defense witnesses. Ms. Boyd, [appellant's] wife, testified that the Budget rental agreement was under her name. She rented the car for a month, but only drove it for two weeks before she lent the car to [appellant's] brother, Akeem Williams. She was not present in the vehicle on [the] day in question. Mr. Williams testified that on that day, [appellant] picked up the rental car from him in the morning.

He had no intentions to borrow the car from Ms. Boyd after that day. He testified that before [appellant] was arrested, he had used the rental car to help a friend move, and his friend placed bags in the trunk. Both Ms. Boyd and Mr. Williams testified that on that day, [appellant] was supposed to pick up his children from school before returning the rental car.

As a result of this stop, Officer Wesley cited [appellant] for two summary offenses under the Motor Vehicle Code: failure to drive at a safe speed pursuant to 75 Pa.C.S.[A.] § 3361 and operating a vehicle without a license pursuant to 75 Pa.C.S.[A.] § 1501(a). On May 14, 2014, a Municipal Court Judge found [appellant] guilty in absentia of these two summary offenses. The Commonwealth also charged [appellant] with three violations of the Uniform Firearms Act pursuant to 18 Pa.C.S.[A.] §[§] 6105, 6106, and 6108. On February 23, 2015, the trial court found [appellant] guilty of all three charges concerning a Violation of the Uniform Firearms Act[].

Trial court opinion, 11/23/15 at 2-4 (citations to notes of testimony and trial court record omitted).

Appellant raises the following issues for our review:

[1.] Was the evidence presented at trial sufficient as a matter of law to support the conviction for carrying a firearm without a license (18 Pa.C.S.A. § 6106), persons not to possess firearms (18 Pa.C.S.A. § 6105), and carrying a firearm in Philadelphia (18 Pa.C.S.A. § 6108), where the evidence of record did not establish beyond a reasonable doubt that [appellant] constructively possessed a firearm recovered in the trunk of a rental car which was rented by another person and used by several other people?

[2.]   With respect to the charges of carrying a firearm without a license (18 Pa.C.S.A. § 6106), persons not to possess firearms (18 Pa.C.S.A. § 6105), and carrying a firearm in Philadelphia (18 Pa.C.S.A. § 6108), was the verdict against the weight of the evidence and so contrary to the evidence that it shocks one's sense of justice where the Commonwealth's evidence at trial consisted of the fact that a firearm was recovered from inside a back pack, inside the trunk of a rental car which was rented by a person other than [appellant] and used by several other people?

[3.]   Did the trial court erred [sic] when it denied [appellant's] motion seeking dismissal of the charges against [appellant] based upon 18 Pa.C.S.A. § 110[, the compulsory joinder statute]?

Appellant's brief at 6-7.

Appellant first complains that the Commonwealth failed to produce sufficient evidence to support his convictions because it failed to establish beyond a reasonable doubt that appellant constructively possessed the firearm that police recovered from the trunk of the rental car that appellant was driving.

> Our standard of review for a challenge to the sufficiency of the evidence is well settled. We must view all the evidence in the light most favorable to the verdict winner, giving that party the benefit of all reasonable inferences to be drawn therefrom. Additionally, it is not the role of an appellate court to weigh the evidence or to substitute our judgment for that of the fact-finder.

*Commonwealth v. Alford*, 880 A.2d 666, 669-670 (Pa.Super. 2005), *appeal denied*, 890 A.2d 1055 (Pa. 2005), quoting *Commonwealth v.*

*Gruff*, 822 A.2d 773, 775 (Pa.Super. 2003), *appeal denied*, 863 A.2d 1143 (Pa. 2004) (citations omitted).

Because the firearm was not found on appellant's person, the Commonwealth was required to prove that appellant constructively possessed the firearm. *See Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa.Super. 2012).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa.Super. 2004) (internal citations and quotation marks omitted). "In order to prove that a defendant had constructive possession of a prohibited item, the Commonwealth must establish that the defendant had both the ability to consciously exercise control over it as well as the intent to exercise such control." *Commonwealth v. Harvard*, 64 A.3d 690, 699 (Pa. Super. 2013) (citation omitted). "An intent to maintain a conscious dominion may be inferred from the totality of the circumstances, and circumstantial evidence may be used to establish a defendant's possession." *Id.*

Here, Officer Wesley testified that he observed appellant driving at a high rate of speed. (Notes of testimony, 2/23/15 at 9.) For that reason, he and his partner pulled appellant over. (*Id.* at 9-10.) After pulling appellant over, Officer Wesley smelled a strong odor of burnt marijuana coming from the inside of the car. (*Id.* at 10.) Officer Wesley also observed that appellant was the only person inside the vehicle. (*Id.* at 9.) At that point, appellant could not produce a driver's license or vehicle registration. (*Id.* at 10.) Officer Wesley then learned that appellant was driving a vehicle that was rented to someone else and that appellant was driving that vehicle without a valid driver's license. (*Id.*)

Officer Wesley then conducted a vehicle inventory. (*Id.*) The officer opened the trunk of the vehicle with the keys that appellant had in his possession and which appellant also used to operate the vehicle. (*Id.* at 12-13.) Inside the trunk of the vehicle, Officer Wesley found a book bag containing a gun loaded with 6 live rounds, together with a plastic bag containing 22 different caliber rounds. (*Id.* at 10.)

At trial, appellant presented two defense witnesses in an attempt to demonstrate that the gun may have belonged to someone else. Appellant's wife testified that she rented the vehicle, but that she loaned it to appellant's brother. (*Id.* at 25.) Appellant's brother testified that he used the vehicle to help his friend move and that his friend placed items in the trunk of the

car shortly before he turned the car over to appellant. (*Id.* at 37-39.) Appellant did not offer his brother's friend as a witness.

Appellant's brother further testified that shortly after his friend placed the items in the car, he turned the car over to appellant on the morning of March 10, 2014. (*Id.* at 42.) Appellant's wife testified that appellant picked up their children after school that day and was then to return the rental vehicle. (*Id.* at 28.) Appellant was pulled over at approximately 8:35 p.m. (*Id.* at 8.) Appellant offered no evidence to explain his whereabouts between the time he allegedly picked up his children from school and the time police pulled him over.

Therefore, under the totality of the circumstances, the evidence was sufficient to establish constructive possession. The trial court, sitting as fact-finder, could reasonably infer that appellant had both the ability and intent to control the firearm because appellant exercised control over the vehicle by driving the vehicle, being its only occupant, and possessing the keys that operated the vehicle and that also opened the trunk where the gun was stored. Moreover, the trial court found the defense witnesses' testimony to be incredible for lack of common sense and failure to explain a significant time gap. The fact-finder exclusively assesses witness credibility and may choose to believe all, part, or none of the evidence. *Commonwealth v. Sanchez*, 36 A.3d 24, 39 (Pa. 2011). Therefore, appellant's sufficiency claim lacks merit.

Appellant next complains that the verdict was against the weight of the evidence because the Commonwealth failed to prove constructive possession of the firearm.

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations omitted; emphasis omitted).

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the . . . verdict if it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Devine*, 26 A.3d 1139, 1146 (Pa.Super. 2011).

Appellant specifically complains that the verdict was against the weight of the evidence because "the only evidence linking [appellant] to the gun was the fact that both he and the gun were located in the same vehicle." (Appellant's brief at 33.) The Commonwealth, however, presented the testimony of Officer Wesley which, if believed, established that appellant

constructively possessed the firearm because he exercised control over the vehicle and, therefore, the gun because he was the sole occupant of the vehicle, and he possessed the keys necessary to operate the vehicle and open the trunk where police found the gun. Although appellant presented two defense witnesses, the trial court found their testimony wholly incredible for lack of common sense and failure to explain a significant time gap. In its opinion, the trial court also noted that both defense witnesses -- appellant's wife and his brother -- had a strong motive to lie and fabricate evidence. (Trial court opinion, 11/23/15 at 9.) The trial court, sitting as fact-finder, was free to determine witness credibility. *See Devine*, 26 A.3d at 1146. We cannot substitute our judgment for that of the fact-finder. *See id.* Therefore, the trial court properly concluded that the verdict was not against the weight of the evidence and did not shock one's sense of justice.

Finally, appellant complains that the trial court erred when it denied his motion to dismiss under the compulsory joinder statute, 18 Pa.C.S.A. § 110. Specifically, appellant complains that because he was convicted of the summary traffic offenses of failure to drive at a safe speed and operating a vehicle without a license[2] prior to being convicted of the firearms violations, the compulsory joinder statute barred his subsequent prosecution for the firearms violations. Preliminary, we note that appellant's conviction for possession of a firearm prohibited was graded as a second-degree felony,

---

[2] 75 Pa.C.S.A. § 3361 and 75 Pa.C.S.A. § 1501(a), respectively.

his conviction for firearms not to be carried without a license was graded as a third-degree felony, and his conviction for carrying firearms in public in Philadelphia was graded as a first-degree misdemeanor.

The compulsory joinder rule bars a subsequent prosecution if each of the following test prongs is met:

> (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) all charges [are] within the same judicial district as the former prosecution.

**Commonwealth v. Reid**, 77 A.3d 579, 582 (Pa. 2013) (citation omitted; bracket in original).

Here, no dispute exists that appellant's prosecution on the summary traffic offenses resulted in convictions, that his subsequent firearms prosecutions were based on the same criminal conduct or arose from the same criminal episode, and that the Commonwealth knew of the firearms charges before the summary trial.  In light of this court's recent **en banc** decision in **Commonwealth v. Perfetto**, ___ A.3d ___, 2017 WL 3776631 (Pa.Super. 2017) (**en banc**), however, appellant fails to satisfy the fourth **Reid** test prong.

In **Perfetto**, 2017 WL 3776631 at *11, this court held that where, as here, a defendant's summary traffic offense was to be heard solely in the Philadelphia Municipal Court Traffic Division pursuant to its jurisdiction in

accordance with Pa.C.S.A. § 1302(a.1)(1)(i), a prior disposition of that summary traffic offense in traffic court does not bar a later prosecution of other criminal charges that arose in the same judicial district and at the same time as the summary traffic offense because Section 1302 carves out an exception to compulsory joinder and directs that the summary traffic offense is within the exclusive jurisdiction of the traffic court.  Consequently, appellant's subsequent prosecution on the firearms violations was not barred by compulsory joinder.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2017