J-S04025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT DERWIN SCOTT | : | |
| | : | |
| Appellant | : | No. 139 EDA 2015 |

Appeal from the Order Entered December 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011581-2014

BEFORE:  SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 28, 2017**

Robert Derwin Scott brings this appeal from the order entered on December 29, 2014, in the Court of Common Pleas of Philadelphia County, denying his motion to dismiss charges pursuant to 18 Pa.C.S. § 110, regarding compulsory joinder.  This matter is one of a number of appeals all addressing this same issue, specifically, whether the Philadelphia County practice of trying traffic citations separately from driving under the influence (DUI) charges violates section 110 regarding compulsory joinder, and therefore violates a defendant's rights against double jeopardy.[1]  This issue has been recently

_____

* Former Justice specially assigned to the Superior Court.

[1] The underlying facts of this matter are briefly related.  On August 21, 2014, Scott was issued a traffic citation for violating 75 Pa.C.S. § 1501(a), driving without a license.  He was taken into custody and, on August 22, 2014, he was formally charged with driving while under the influence of alcohol or drugs

decided by an *en banc* panel of our court in **Commonwealth v. Perfetto**, _____ A.3d _____, 2017 PA Super 281 (Pa. Super. August 30, 2017) (*en banc*).[2] However, pursuant to **Commonwealth v. Diggs**, _____ A.3d _____, 2017 PA Super 331 (October 19, 2017), Pa.R.Crim.P. 587 is now applicable to motions to dismiss pursuant to section 110. Rule 587 sets forth a number of requirements for the trial court to follow. Ultimately, if the trial court determines the double jeopardy challenge is non-frivolous, the order denying the defendant relief becomes an immediately appealable collateral order. **See**

_____

(DUI), driving with a suspended license and having alcohol in a motor vehicle. However, on October 17, 2014 the Commonwealth issued a Bill of Information, ultimately charging Scott with DUI-general impairment, DUI-highest rate of alcohol, driving with a suspended or revoked license with a blood alcohol level of .02 or greater, driving without a license, driving while license is suspended or revoked, and possession of open alcoholic container while vehicle is on a highway. The first three charges are misdemeanors; the last three are summary traffic offenses. On October 23, 2014, Scott was tried in the Philadelphia Municipal Court Traffic Division, *in absentia*, only on the initial traffic citation, driving without a license.

After Scott was found guilty of the single traffic citation, the Commonwealth continued the prosecution against Scott in the Court of Common Pleas regarding the remaining charges. On December 29, 2014, Scott filed a motion to dismiss, claiming all charges arose from the same criminal episode. He asserted that, pursuant to 18 Pa.C.S. § 110, and the double jeopardy clauses of both the United States and Pennsylvania Constitutions, all charges were required to be tried against him in the same trial. On the same day the motion was filed, the trial court held a hearing on the motion and then denied it. This timely appeal followed.

[2] **Perfetto** determined this procedure does not violate double jeopardy. A petition for allowance of appeal of **Perfetto** has been filed with our Supreme Court.

Pa.R.Crim.P. 587(B)(6). Because the trial court in this matter did not apply Rule 587 to its order, we are required to remand this matter to the trial court such compliance.[3]

Specifically, **Diggs** stated:

> To establish whether a motion to dismiss on double jeopardy grounds qualifies as a collateral order, trial courts must now, *inter alia*, satisfy [Pa.R.Crim.P] Rule 587(B)(3), (4), (5), and (6). Subsection (B)(3) requires the trial court, following a hearing, to enter on the record a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion. Subsection (B)(4) requires the trial court to render a specific finding on frivolousness in the event the court denies the double jeopardy motion. Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within 30 days of the order denying the motion. Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.

**Commonwealth v. Diggs**, **supra**, at *4-5 (citation omitted).

Following said compliance, the trial court shall prepare a supplemental Rule 1925(a) opinion detailing its findings.

Case remanded for proceedings consistent with this decision. Panel jurisdiction retained.

---

[3] The purpose of Rule 587 is to determine whether the double jeopardy motion is frivolous. Because there remains the possibility that our Supreme Court will disagree with **Perfetto** and find that the Philadelphia procedures do violate 18 Pa.C.S § 110, it seems unlikely that the trial courts will fail to certify the issue as non-frivolous; however we are constrained to follow **Diggs**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/28/2017