J-E03010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| GARY GARNETT JORDAN | | |
| Appellant | | No. 1392 EDA 2015 |

Appeal from the Order April 13, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014422-2014

BEFORE:   BENDER, P.J.E., BOWES, J., PANELLA, J., LAZARUS, J., OTT, J.,
        STABILE, J., DUBOW, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                  **FILED DECEMBER 12, 2017**

Appellant, Gary Garnett Jordan, appeals from the order entered April 13, 2015, denying his motion to dismiss, which asserted a violation of Pennsylvania's compulsory joinder rule.  **See** 18 Pa.C.S. § 110.  After careful review, we remand with instructions.

We derive the following statement of facts and procedural background of this case from the record.  In November 2014, Appellant was arrested in the City and County of Philadelphia.[1]  At that time, Appellant was charged with driving under the influence ("DUI"), and the summary traffic offense of

---

[1] Philadelphia is the First Judicial District of Pennsylvania.  42 Pa.C.S. § 901(a).

careless driving.[2]  In January 2014, Appellant pleaded guilty to disregarding a traffic device in the Philadelphia Municipal Court Traffic Division.  The DUI charge was listed in the Philadelphia Municipal Court General Division for disposition, and Appellant was found guilty of DUI in October 2014.  Appellant timely appealed the conviction pursuant to Pa.R.Crim.P. 1006, requesting a trial *de novo* before the Court of Common Pleas of Philadelphia.

In the Court of Common Pleas, Appellant filed a motion to dismiss pursuant to 18 Pa.C.S. § 110, known as the compulsory joinder rule.[3] Following submission of briefs and a hearing, the Honorable Vincent N. Melchiorre denied Appellant's motion to dismiss.  However, no findings of fact or findings as to the frivolousness of the motion were entered on the record. Notes of Testimony (N.T.), 4/13/2015 at 3-8.

Appellant timely filed a notice of appeal.  No 1925(b) statement was ordered.  Nevertheless, in August 2015, the trial court filed an opinion explaining its decision.  In July 2016, this Court issued a memorandum opinion

---

[2] **See** 75 Pa.C.S. §§ 3802 (graded as a misdemeanor), and 3714, respectively.

[3] This Court addressed the compulsory joinder rule in our recent decision, **Commonwealth v. Perfetto**, 169 A.3d 1114 (Pa. Super. 2017) (*en banc*). The **Perfetto** Court recognized, "[s]ection 110 is a codification of the rule announced by our Supreme Court in **Commonwealth v. Campana**, 304 A.2d 432 (Pa. 1973), *vacated and remanded*, 94 S. Ct. 73 (1973), *reinstated*, 314 A.2d 854 (Pa. 1974), *cert. denied*, 94 S. Ct. 3172 (1974).  In **Campana**, our Supreme Court held that the Double Jeopardy Clause requires a prosecutor to bring, in a single proceeding, all known charges against a defendant arising from a single criminal episode." **Perfetto**, 169 A.3d at 1117 (most internal citations and quotations omitted).

affirming the trial court. Thereafter, Appellant petitioned this Court for *en banc* reargument, and *en banc* certification was granted in August 2016.

Appellant raises the following claim for our review:

1. Did not the lower court err in denying [A]ppellant's motion to dismiss pursuant to 18 Pa.C.S. § 110 where [A]ppellant had previously been convicted of an offense which arose from the same criminal episode as the offense in the instant case?

Substituted Brief for Appellant, at 3.

As an initial matter, we must determine whether this Court has jurisdiction over the instant appeal. ***Commonwealth v. Taylor***, 120 A.3d 1017, 1021 (Pa. Super. 2015) (noting that issues of jurisdiction may be raised *sua sponte*).

Pennsylvania Rule of Criminal Procedure 587(B) governs motions to dismiss on double jeopardy grounds. Pa.R.Crim.P. 587(B). An order denying such a motion may be appealable as a collateral order.[4] An immediate appeal from the denial of a double jeopardy claim is allowable under the collateral order doctrine where the motion is found not to be frivolous. ***See Commonwealth v. Brady***, 508 A.2d 286, 289-91 (1986) (holding that absent a finding of frivolousness, an appeal may be taken from the denial of a motion to dismiss). In our recent decision, ***Commonwealth v. Diggs***, ---

---

[4] "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

A.3d --- (Pa. Super. 2017), we held that Pa.R.Crim.P. 587(B) applies to motions to dismiss based on compulsory joinder "[a]s Section 110 embodies the same basic purposes as those underlying the double jeopardy clauses, [and] the interlocutory appealability of double jeopardy claims has been applied to claims based on Section 110." *Diggs*, --- A.3d ---, *5 (citing *Commonwealth v. Bracalielly*, 658 A.2d 755, 759-60 (Pa. 1995)); *see also* Pa.R.A.P. 313(b). Accordingly, appellate jurisdiction exists only where a court determines that a motion to dismiss on compulsory joinder grounds is not frivolous and thereby qualifies as a collateral order. *Diggs*, --- A.3d ---, *5-6; Pa.R.Crim.P. 587(B).

Here, our review of the transcript and record reveals that the trial court failed to comply with Rule 587(B), as it denied Appellant's motion to dismiss based on compulsory joinder without entering on the record a statement of findings of fact or a specific determination regarding whether Appellant's motion was frivolous. N.T., 4/13/2015 at 3-8; *see* Pa.R.Crim.P. 587(B)(3)-(4). Accordingly, this Court may not exercise jurisdiction over this appeal. In light of *Diggs*, we are constrained to remand this matter to the Court of Common Pleas for additional findings and with instructions to comply with Rule 587(B).

Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/12/2017</u>