J-S32029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KRISTEN HORN | |
| Appellee | No. 2183 EDA 2016 |

Appeal from the Order Entered June 10, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0012270-2015

BEFORE:  GANTMAN, P.J., STABILE, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY STABILE, J.:          **FILED DECEMBER 21, 2017**

Appellant, the Commonwealth of Pennsylvania, appeals from the June 10, 2016 order dismissing charges against Appellee Kristen Horn.  We vacate and remand.

The trial court summarized the pertinent facts and procedural history:

> On November 17, 2015, [Appellee] was stopped due to having significant damage to her vehicle's windows and using cloth to cover up said damage.  When the vehicle was stopped, [Appellee] was sitting in the passenger seat while someone with a suspended license was in the driver's seat.  Due to this traffic violation, the police officer then began to effectuate a live stop. As a result of being ordered out of the car to effect this live stop, a silver revolver with a black grip became visible from under the passenger seat as [Appellee] exited the vehicle.  [Appellee] was both issued a traffic violation report (TVR), for allowing her vehicle to be driven by an unlicensed driver, and arrested for the alleged Violation of the Uniform Firearms Act (VUFA).  During the

---

[*] Former Justice specially assigned to the Superior Court.

pendency of the VUFA charges, an adjudication for the traffic violation was held on January 19, 2016, in which [Appellee] was found not guilty in absentia.

Trial Court Opinion, 8/11/16, at 1-2.

The trial court dismissed the remaining charges against Appellee under 18 Pa.C.S.A. § 110 because they arose out of the same criminal episode and occurred within the same judicial district as the traffic violation for which Appellee was found guilty in absentia. Indeed, § 110 normally bars a subsequent prosecution where a former prosecution, arising out of the same facts or criminal episode, resulted in an acquittal or conviction in the same judicial district. 18 Pa.C.S.A. § 110(1)(ii). In **Commonwealth v. Perfetto**, 169 A.3d 1114 (Pa. Super. 2017)(*en banc*), however, this Court delineated an exception to § 110's compulsory joinder requirement unique to Philadelphia County. Under **Perfetto**, a former prosecution for a summary traffic offense within the jurisdiction of the traffic division of the Philadelphia Municipal Court does not bar a subsequent prosecution arising out of the same facts or criminal episode. In light of **Perfetto**, the trial court erred in dismissing the DUI charges under § 110. We therefore vacate and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/21/2017</u>