J-S44025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MATTHEW SOLOMON | |
| Appellee | No. 1863 EDA 2015 |

Appeal from the Order Entered May 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: MC-51-CR-0027528-2012

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, J., and MUSMANNO, J.

JUDGMENT ORDER BY STABILE, J.:          **FILED DECEMBER 29, 2017**

Appellant, the Commonwealth of Pennsylvania, appeals from the trial court's May 21, 2015 order affirming the municipal court's dismissal of charges.  We vacate and remand.

The trial court summarized the pertinent facts and procedural history:

> [O]n July 7, 2012, Appellee Matthew Solomon was arrested in Philadelphia after officers observed him disregard stop signs and red lights, drive into oncoming traffic, and hit objects on the curb.  He was charged with the misdemeanor offense of driving under the influence and two summary offenses for reckless driving and disregarding red lights.  On September 10, 2012, Solomon was found guilty in absentia of both summary traffic offenses in the Philadelphia Traffic Court; the DUI charge was not adjudicated on that date.  On October 22, 2014, Solomon moved to dismiss the DUI charge in Municipal Court, arguing that the Commonwealth was barred from prosecuting him under the compulsory joinder provisions of 18 Pa.C.S.A. § 110[(1)](ii).

Trial Court Opinion, 8/25/15, at 1-2.

Section 110 normally bars a subsequent prosecution where a former prosecution, arising out of the same facts or criminal episode, resulted in an acquittal or conviction in the same judicial district. 18 Pa.C.S.A. § 110(1)(ii). In **Commonwealth v. Perfetto**, 169 A.3d 1114 (Pa. Super. 2017)(*en banc*), this Court delineated an exception to § 110's compulsory joinder requirement unique to Philadelphia County. Under **Perfetto**, a former prosecution for a summary traffic offense within the jurisdiction of the traffic division of the Philadelphia Municipal Court does not bar a subsequent prosecution arising out of the same facts or criminal episode. In light of **Perfetto**, the trial court erred in dismissing the DUI charges under § 110. We therefore vacate and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/17

- 2 -