J-S44023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAHEED HYMON | |
| Appellant | No. 2151 EDA 2015 |

Appeal from the Judgment of Sentence Entered June 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0011353-2014

BEFORE:  FORD ELLIOTT, P.J.E. , STABILE, and MUSMANNO, JJ.

JUDGMENT ORDER BY STABILE, J.:          **FILED DECEMBER 29, 2017**

Appellant, Jaheed Hymon, appeals from the June 17, 2015 judgment of sentence imposing two years of probation for unauthorized use of a motor vehicle plus restitution.[1]  We affirm.

The trial court recited the pertinent facts and procedural history in its Pa.R.A.P. 1925(a) opinion:

> This is an appeal by [Appellant], who appeals this court's order denying [Appellant's] motion to dismiss pursuant to 18 Pa.C.S.A. § 110.  On July 10, 2014, a Philadelphia police officer observed a vehicle being operated with a driver's side rear brake light out in violation of [75 Pa.C.S.A. § 4303(b)].  The officer did an NCIC check on the vehicle and discovered that the vehicle was stolen. [Appellant] attempted to exit the vehicle without placing it in park when the officers pulled the vehicle to initiate a stop.  Officers placed the vehicle, in park, secured [Appellant], and subsequently charged him with receiving stolen property, and unauthorized use

---

[1]  18 Pa.C.S.A. § 3928.

of a motor vehicle. The officer also issued [Appellant] a traffic citation for operating a vehicle without a license and operating a vehicle without rear headlights.

On September 11, 2014, [Appellant] was found guilty in absentia for traffic violations before the Municipal Court-Traffic Division. On April 17, 2015, [Appellant] filed a motion to dismiss his criminal charges pursuant to 18 Pa.C.S.A. § 110. On June 17, 2015, this court denied the motion and found [Appellant] guilty of unauthorized use of motor/other vehicles following a non-jury trial.

Trial Court Opinion, 11/9/2015, at 1-2.

Immediately after the non-jury trial, the trial court sentenced Appellant as set forth above. This timely appeal followed. Appellant raises one issue:

Did not the lower court err in denying [Appellant's] motion to dismiss pursuant to 18 Pa.C.S.A. § 110 where [Appellant] had previously been convicted of an offense that arose from the same criminal episode as the offense in the instant case?

Appellant's Brief at 4. Section 110 normally bars a subsequent prosecution where a former prosecution, arising out of the same facts or criminal episode, resulted in an acquittal or conviction in the same judicial district. 18 Pa.C.S.A. § 110(1)(ii). In **Commonwealth v. Perfetto**, 169 A.3d 1114 (Pa. Super. 2017)(*en banc*), this Court delineated an exception to § 110's compulsory joinder requirement unique to Philadelphia County. Under **Perfetto**, a former prosecution for a summary traffic offense within the jurisdiction of the traffic division of the Philadelphia Municipal Court does not bar a subsequent prosecution arising out of the same facts or criminal episode. In light of **Perfetto**, Appellant cannot obtain relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/17