J-S67036-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| TYREK HUBBARD, | : | |
| | : | |
| | : | No. 2592 EDA 2017 |

Appeal from the Order July 13, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008206-2016

BEFORE:    OTT, J., NICHOLS, J. and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JANUARY 17, 2019**

The Commonwealth appeals from the July 13, 2017 order granting Appellee Tyrek Hubbard's motion to dismiss, which asserted a violation of Pennsylvania's compulsory joinder statute, 18 Pa.C.S. § 110.  Upon review, we reverse and remand for proceedings consistent with this memorandum.

The record reveals the following factual and procedural history.  On June 28, 2011, in the city of Philadelphia, police pulled Hubbard's vehicle over after Hubbard failed to stop at a stop sign.  Hubbard exited the vehicle and fled on foot.  Following an unsuccessful attempt to apprehend Hubbard, the police searched Hubbard's abandoned vehicle and recovered a firearm.  A traffic citation was issued to Hubbard, and on July 28, 2011, Hubbard was found guilty *in absentia* in Philadelphia Traffic Court of the summary offense of disregarding a stop sign.

*Retired Senior Judge assigned to the Superior Court.

On August 9, 2011, an arrest warrant was issued for Hubbard based upon an affidavit of probable cause alleging violations of the Uniform Firearms Act stemming from the June 28, 2011 incident. On August 24, 2016,[1] Hubbard was arrested and charged with felony and misdemeanor violations of the Uniform Firearm Act, including person not to possess a firearm, firearm not to be carried without a license, and carrying a firearm in public in Philadelphia. These charges stemmed from Hubbard's alleged possession of the firearm in the vehicle the police searched following the 2011 traffic stop. The charges were listed for trial in the Philadelphia Court of Common Pleas.

Hubbard filed a pre-trial motion to dismiss the Uniform Firearm Act charges based on compulsory joinder. Specifically, Hubbard argued that the earlier prosecution of the traffic offense barred the prosecution of the Uniform Firearm Act charges pursuant to 18 Pa.C.S. § 110(1)(ii). On July 13, 2017, the trial court granted Hubbard's motion and dismissed the Uniform Firearm Act charges. The trial court explained that the traffic offense and Uniform Firearm Act offenses both occurred in the same judicial

---

[1] The record does not reveal the explanation for the gap in time.

district (*i.e.*, the First Judicial District of Pennsylvania).[2]  N.T., 7/13/2017, at 6-7.  This timely-filed appeal by the Commonwealth followed.[3]

On appeal, the Commonwealth asks us to resolve whether the trial court erred by dismissing the felony and misdemeanor Uniform Firearm Act charges on the ground that Hubbard had been convicted for a summary traffic offense arising from the same criminal episode.  Commonwealth's Brief at 4.

The Commonwealth's issue raises a question of law; therefore, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Fithian***, 961 A.2d 66, 71 n.4 (Pa. 2008).

The compulsory joinder statute sets forth the requirements for when a current prosecution is barred by a former prosecution for a different offense.

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
>> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

---

[2] Subsequent to the Commonwealth's appeal, the trial court reversed course, and as explained *infra*, it now asks this Court to reverse and remand its order dismissing the charges.  ***See generally*** Trial Court Letter to Superior Court Prothonotary, 11/15/2017; Trial Court Opinion, 1/12/2018.

[3] Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

***

> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii).

The Commonwealth urges us to reverse, arguing *inter alia* that the former Philadelphia Traffic Court had exclusive jurisdiction over summary traffic violations at the time Hubbard was tried, and, therefore, the Commonwealth had to try Hubbard in two separate proceedings. Commonwealth's Brief at 10-11.

To address the Commonwealth's argument, we must examine the jurisdictional structure of the city and county of Philadelphia. At the time the Commonwealth prosecuted Hubbard for the summary offense charges, the Philadelphia Traffic Court had exclusive jurisdiction over the adjudication of traffic offenses committed in Philadelphia County. Pa. Const. Sched. Art. 5, § 16(s) ("The traffic court shall have exclusive jurisdiction of all summary offenses under the motor vehicle laws."); 42 Pa.C.S. § 1302(a) (providing that, from January 31, 2005 to June 18, 2013, "each traffic court shall have exclusive jurisdiction of all prosecutions for summary offenses arising under … Title 75 (relating to vehicles)"). Likewise, the Philadelphia Court of Common Pleas had "unlimited original jurisdiction in all cases except those

cases assigned by this schedule to the municipal court and to the traffic court."[4] Pa. Const. Sched. Art. V, § 16(o); *see also* 42 Pa.C.S. § 931.

Here, Hubbard was charged in the city and county of Philadelphia with a traffic offense and Uniform Firearm Act violations arising from the same

---

[4] Both the Commonwealth and the trial court contend that **Commonwealth v. Perfetto**, 169 A.3d 1114, 1122 (Pa. Super. 2017) (*en banc*), *appeal granted*, 182 A.3d 435 (Pa. 2018) controls the instant case, requiring reversal of the trial court's order barring the subsequent prosecution.

However, we do not agree that **Perfetto** is controlling here. **Perfetto** involved a conviction occurring after the restructuring of the Philadelphia Municipal Court in 2013. On June 19, 2013, Pennsylvania Governor Tom Corbett signed into law Act 17 of 2013, abolishing the Philadelphia Traffic Court and transferring its responsibilities to the newly-created Traffic Court Division of the Municipal Court of Philadelphia. **See Perfetto**, 169 A.3d at 1122 (explaining the establishment of a new Philadelphia Municipal Court divided into two administrative sections, designated as the General Division and the Traffic Division, pursuant to 42 Pa.C.S. § 1121); Pa.R.Crim.P. 1002, cmt. (explaining that all summary offenses under the motor vehicle laws are under the jurisdiction of the Municipal Court Traffic Division, the successor to the Philadelphia Traffic Court); 42 Pa.C.S. § 1123(a)(9)(i) (providing that as of June 19, 2013, the Philadelphia Municipal Court generally now has jurisdiction over prosecutions for summary offenses arising under Title 75).

After examining Philadelphia's post-2013 jurisdictional structure along with the compulsory joinder statute, this Court concluded that in Philadelphia, compulsory joinder will not bar a prosecution for criminal charges arising out of the same criminal episode as a traffic offense for which a defendant has already been prosecuted in the Philadelphia Municipal Court Traffic Division. **Perfetto**, **supra**. To arrive at its holding, the **Perfetto** Court specifically relied upon jurisdictional guidance in 42 Pa.C.S. § 1302(a.1), a statute that "was instituted in tandem with the General Assembly's 2013 restructuring of the Philadelphia Municipal Court." **Id**. at 1122. In the instant case, Hubbard was tried and convicted of the summary traffic violations in 2011, prior to the restructuring of the Philadelphia Municipal Court. Accordingly, **Perfetto** does not control the instant case because it involves an analysis of a different jurisdictional structure and a statute that was not in effect in 2011.

criminal episode. The Commonwealth prosecuted the traffic offense first, and following that conviction *in absentia*, proceeded on the misdemeanor and felony firearm charges. Even though the traffic violation and felony and misdemeanor firearm charges all arose from the same criminal episode in the same judicial district, seemingly invoking subsection 110(1)(ii), statutory and constitutional law prohibited the Commonwealth from consolidating the summary traffic offense prosecution with the Uniform Firearm Act prosecution. As explained *supra*, at the time Hubbard was prosecuted *in absentia* for the summary traffic offense, the Philadelphia Traffic Court had exclusive jurisdiction over the adjudication of such an offense, and the Philadelphia Court of Common Pleas had jurisdiction over the adjudication of the Uniform Firearm Act offenses. Pa. Const. Sched. Art. 5, § 16(o) & (s); 42 Pa.C.S. § 931; 42 Pa.C.S. § 1302(a) (version in effect from January 31, 2005 to June 18, 2013).

Because the Traffic Court of Philadelphia had exclusive jurisdiction over Hubbard's traffic offense and did not have jurisdiction over Hubbard's Uniform Firearm Act offenses, it would have been impossible for the Commonwealth to have joined the offenses into one prosecution. Therefore, we conclude that the compulsory joinder statute does not apply and the trial court erred in dismissing the Uniform Firearm Act charges against Hubbard. Accordingly, we reverse the trial court's order and remand for further proceedings in accord with this memorandum.

Order reversed.  Case remanded for proceedings consistent with this memorandum.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>1/17/19</u>