J-S04023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD J. MITCHELL | : | |
| | : | |
| Appellant | : | No. 3668 EDA 2015 |

Appeal from the Judgment of Sentence August 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  MC-51-CR-0000384-2010

BEFORE:   SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                                    **FILED JULY 30, 2019**

Ronald J. Mitchell appeals from the judgment of sentence imposed August 20, 2015, in the Philadelphia Municipal Court General Division, made final by the trial court's denial of his petition for writ of *certiorari* to the Philadelphia Court of Common Pleas on November 16, 2015.  This appeal is on remand from the Pennsylvania Supreme Court which granted Mitchell's petition for allowance of appeal, and vacated our prior order affirming his judgment of sentence, in light of its decision in **Commonwealth v. Perfetto**, ____ A.3d ____, 2019 WL 1866653 (Pa. April 26, 2019).[1]  We now reverse the trial court's denial of Mitchell's petition for writ of *certiorari*, vacate the

---

* Former Justice specially assigned to the Superior Court.

[1] **See Commonwealth v. Mitchell**, 507 EAL 2017 (Pa. May 17, 2019).

judgment of sentence, and remand this case to the trial court for dismissal of the charges.

In our prior memorandum decision, we recounted the facts and procedural history underlying Mitchell's conviction of two counts of driving under the influence ("DUI") of a controlled substance, and the denial of his petition for writ of *certiorari* by the Philadelphia County Court of Common Pleas. **See Commonwealth v. Mitchell**, 179 A.3d 590 [3668 EDA 2015] (Pa. Super. 2017) (unpublished memorandum). Concluding this Court's *en banc* decision in **Commonwealth v. Perfetto**, 169 A.3d 1114 (Pa. Super. 2017) (*en banc*), was "dispositive," we held that Mitchell's "earlier prosecution for a summary traffic offense in Philadelphia Traffic Court did not bar his subsequent prosecution for DUI in the Philadelphia Municipal Court General Division." **Mitchell**, *supra*, 179 A.3d 590 (unpublished memorandum at *3) (footnote omitted).

However, the Pennsylvania Supreme Court granted allowance of appeal in **Perfetto**, *supra*, and on April 26, 2019, reversed the *en banc* decision. **See Commonwealth v. Perfetto**, ___ A.3d ___, 2019 WL 1866653 (Pa. 2019).[2] The Supreme Court concluded the Traffic Division of the Philadelphia Court of Common Pleas is "not a 'court unto itself' rather it is a division of the Philadelphia Municipal Court." **Id.** at *8. Therefore, the **Perfetto** Court found

---

[2] Justice Baer wrote the Majority Opinion, joined by Justices Todd, Donahue, Wecht and Mundy. Chief Justice Saylor wrote a Dissenting Opinion, joined by Justice Dougherty.

"Appellant's former prosecution for his summary offense was before a court (namely, the Philadelphia Municipal Court) that had jurisdiction to adjudicate all of Appellant's charges, albeit in the court's General Division." *Id.* at *9. Furthermore, the Supreme Court rejected the Commonwealth's policy argument, which it determined relied on cases interpreting a "now-obsolete fourth prong of the compulsory joinder test, which required a jurisdictional analysis." *Id.* at *10. The *Perfetto* Court held:

> We certainly recognize that our holding today may present the Philadelphia District Attorney's Office with an administrative challenge; however, this Court's decision, as always, is guided by the law. Further, while it is tempting to resolve this matter by considering myriad of tangential statutes, rules, and policies, we conclude that a straightforward application of the statutes that directly apply to this case, particularly 18 Pa.C.S. § 110(1)(ii), preclude the Commonwealth from prosecuting Appellant for his pending DUI charges. Indeed, such an approach embraces the proper exercise of judicial restraint and the separation of powers, allowing the Legislature to amend, in simple fashion, the relevant statutes to allow for the result sought by the Commonwealth, if the Legislature sees fit to codify the policy considerations forwarded by the Commonwealth and the dissent in this matter.

*Id.*

As we concluded in our prior decision, this case is controlled by *Perfetto*. Accordingly, we are constrained to reverse the trial court's denial of Mitchell's petition for writ of *certiorari*, vacate his judgment of sentence for two counts of DUI, and remand this case to the trial court to enter an order dismissing the charges.

Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/30/19